S. B. HYMAN, Ex'r., &c. v. JOHN DEVEREUX and others.

An answer overrules a demurrer.

If a bond secured by mortgage, be renewed, the new bond retains the same security.

A provision, in a mortgage deed conveying various articles of real and personal estate, that: When any amount, or any note is due, the mortgagee shall call on the mortgagor for the same, and if payment be made, nothing shall be done, otherwise the mortgagee shall advertise and sell enough to pay what is due, and the mortgagor shall direct what shall be sold,—is a sufficient power of sale.

Where a mortgage contains a provision like the above, it is not according to the course of Courts of Equity to interfere with a proposed sale in compliance with the terms of the deed; especially where the security is deficient in amount, and the mortgagor probably insolvent.

The assignee of a bond secured by mortgage, is entitled (nothing more appearing) to the benefit of the mortgage.

An order directing the surplus proceeds of a sale of morgaged lands into Court, cannot be made in a cause to which the assignee of the bond secured has not been made a party.

{*Anthony* v. *Smith,* Bus. Eq., 188, *Avirett* v. *Ward, Ib.* 192, *Fleming* v. *Sitton,* 1 D. & B. Eq., 621, *Green* v. *Crocket,* 2 *Ib.* 390, and *Ingram* v. *Smith,* 6 Ire. Eq., 97, cited and approved.}

CIVIL-ACTION, including a provisional injunction, before *Watts, J.,* at HALIFAX, Spring Term 1869.

The complaint alleged, that in 1857, the defendant Devereux, sold to the defendant Clark, a piece of land, and took from him six bonds for the purchase money, and a mortgage on the land and a large number of slaves, to secure the bonds. The mortgage contained the following stipulations respecting a sale of the property, in case of non-payment:

"Secondly, when any amount, principal or interest, on any one of the said six notes shall be due and payable, then said Devereux shall call on the said Clark for the amount so due, and if the said Clark shall make payment, no step shall be taken, but if he shall fail to make the payment, the said

Devereux shall advertise twenty days, and sell enough of the estate herein conveyed to him, to pay said amount then due, and the said Clark shall have the right to direct what shall be sold," &c.

In 1866, the defendant Clark, with the assent of the defendant Devereux, agreed to sell the land to John H. Hyman, the testator of the plaintiffs, in consideration that he would discharge the unpaid residue of the mortgage debt, which had been previously assigned by Devereux to Elizabeth Jones, and the testator accordingly made some payments to her, and in March, 1867, took up from her the former bond, and gave his bond payable to her for the unpaid residue, amounting to $8,180.23. The plaintiffs in their complaint insisted that by this transaction the mortgage was satisfied, and the land freed from its incumbrance. The complaint further alleged, that the agents of Devereux threaten to sell the land under the mortgage, and demanded judgment that they convey absolutely to the plaintiffs, and in the meanwhile be enjoined from selling.

The defendants demurred to the whole complaint, and also answered the whole.

At Halifax Spring Term, 1869, a motion was made to dissolve the injunction theretofore obtained, and thereupon his Honor allowed the same, and also ordered that upon a sale of the land the excess if any should be paid into Court for the use of the plaintiff, under the direction of the Court.

The plaintiff appealed.

*Conigland*, for the appellant.

1. The execution of a new note by Hyman to Mrs. Jones, and the transfer by her of that new note to her son,—she parting with the entire interest therein,—is a re-lease of the security acquired in the first instance by the mortgage, or in other words, a satisfaction of the debt thereby secured.

2. The assignee of the debt, without having an assignment of the mortgage, (Hyman, who succeeded to the estate of

Clark, being dead,) cannot proceed to sell the land, without coming into Court in an action to foreclose, and making all proper parties.

3. The Court will not sustain any proceeding which will deprive the mortgagor of the power to redeem. Green. Cruise, vol. 1, p. 557, of Am. ed.

4. By the Act suspending the Code of Civil Procedure, 16th March, 1869, there can be no sale until the debt is reduced to judgment.

*Walter Clark, contra.*

The renewal of the note without a clear intention of releasing the security, does not destroy the mortgage. The statements in the answer not controverted by the plaintiffs, show there was a clear intention *not* to surrender the security. *Maryland and N. Y. Coal and Iron Company* v. *Wingart*, 8 Gill, 170,— in which *Teed* v. *Carruthers*, 2 Younge & Colliers' Rep. 31 (English) is cited and approved; also *Matthews* v. *Zollicoffer*, 20 Md., 248, 275; *Glenn* v. *Smith*, 2 Gill & 'Johnson 493; *Morrison* v. *Welty*, 18 Md., 169, 175.

2. The plaintiff prays for an injunction, and for the execution of the title to them by the mortgagee. A Court of Equity will in no case decree an execution of title till the purchase money has been paid. *Oliver* v. *Dix*, 1 D. & B. Eq , 605; *Simmons* v. *Spruill,* 3 Jon. 9, *Chase* v. *Abbott*, 20 Iowa.

3. Where a deed of trust to secure a debt provides for the time and terms of a sale, a law altering or delaying the time therein provided for, is unconstitutional. *Taylor* v. *Stearns*, 18 Grat. 244; see *Penrose* v. *Erie Canal Co.*, 56 Penn. St., 46, 49.

RODMAN, J. (After stating the facts as above). The demurrer to the whole complaint, coupled with an answer to the whole is irregular, but the latter must be understood *to overrule* the former. In this case it is unimportant which be taken, as in either alternative the same questions are presented: the want of a right on the part of the plaintiffs to the

relief demanded, upon the facts stated in the complaint, is a defence always open to the defendants, until passed on by judgment. The answers do not deny any of the facts stated in the complaint; they insist that the lien of the mortgage was not discharged or intended to be, and that a proposition to substitute other property in lieu of the land, was made and rejected. They also state that the bond had been assigned by Elizabeth Jones to William F. Jones; he, however, was never made a party.

On the main point made in the complaint, that the taking of the new bond by Elizabeth Jones in 1867 was a novation, and a discharge of the mortgage, the counsel for the plaintiffs in this Court, properly conceded that the proposition could not be maintained. When a new note or bond is given for an antecedent debt, the presumption is that it was not intended as an extinguishment, unless there be proof that such was the intention: still less can it be presumed, in the absence of proof, that a creditor who takes a note in the place of a former one secured by mortgage, intends to discharge the mortgage. Story on Prom. notes §§ 104, 105, *Teed* v. *Caruthers*, 2 Younge and Coll. 31, and cases cited in note to American reprint, *Maryland & N. Y. Coal and Iron Co.*, v. *Wingart*, 8 Gill. 170, *Chase* v. *Abbott*, 20 Iowa, 154, 1 Pothier Ob., by Evans, 195. *Anthony* v. *Smith*, Bus. Eq. 188, to which we were referred by the defendant's counsel, though it does not depend on exactly the same principle, is analogous. In this case there is no allegation in the complaint that such was the intent of the parties, except so far as it may be inferred from the legal effect of their act.

The counsel for the plaintiffs, however, contended that there was error in the judgments below, because:

1st. The mortgage contained no power of sale in default of payment, and therefore the mortgagee could not sell without an order of Court.

2d. If it does contain such a power, or if the Court, on the present pleadings, can make an order for sale at all, it is not in conformity with its practice to do so in the first instance;

but that it will give the mortgagor a day to redeem, and only on his failure, order a sale.

3d. That William F. Jones, although an assignee of the note, is not an assignee of the mortgage, and is therefore not entitled to require a sale by the mortgagee.

1. We think that there is a sufficient power of sale given in the deed.

2d. The general rule in England is, that on a bill to foreclose a mortgage, the Court will not decree a compulsory sale; but the rule is not universal: there may be a decree for sale where the estate is deficient to pay the incumbrance, and in some other cases, 3 Powell on mortgages 1015. Mortgages with powers of sale, were of novel introduction in England, when that work was published (1822), and their validity was doubted, 1 Pow. Mort. 12 note K; but it has been established there, and in this State they have long been in general use unquestioned. The English practice as above stated, has been greatly modified in this State, and in most if not all the others. In *Fleming* v. *Sitton*, 1 Dev. & Bat. Eq. 621, Ruffin, C. J., says: "Of late years a beneficial practice has gained favor until it may be considered established in this country, not absolutely to foreclose in any case, but to sell the mortgaged premises, and apply the proceeds in satisfaction of the debts; if the former exceed the latter, the excess is paid to the mortgagor." See also *Green* v. *Crocket*, 2 Dev. & Bat. Eq. 390, *Ingram* v. *Smith*, 6 Ire. Eq. 97, *Averett* v. *Ward*, Bus. Eq. 192. This practice, however, is of course subject to the exception that if the mortgagor, by a bill to redeem, or by his answer upon a bill for foreclosure, or in any other proper way, offers to redeem, he shall be at liberty to do so. We know of no authority for saying that in the absence of such an offer, the Court will of course give the mortgagor a time within which to redeem; and in a case like this, where the property is alleged to be deficient, and the mortgagor insolvent and perhaps in possession, such a practice would seem to be unreasonable. In this case the representatives of the mortgagor, so far from offering to redeem, deny the existing validity of

the mortgage, and demand an absolute conveyance of the estate. The slaves, which formed a part of the mortgage security, have been emancipated, nothing but the land remains, and the estate of Hyman is alleged to be insolvent. The amount of the debt is admitted, and no account is necessary. We can see no reason therefore why the mortgagee should be enjoined from selling the land. It has been suggested, indeed, in this Court that the mortgagee is a bankrupt. If William F. Jones, the present holder of the bond, were a party to this suit, and should make that objection, or if the plaintiffs had suggested that the land would probably sell for more than the debt, and that their surplus would be endangered, and had asked that the sale should be made by an officer of this Court, such an application would be granted. But there is no such demand made in any part of the pleadings, and the Court cannot assume what nobody alleges, and order a sale by its officer when nobody desires it. As Devereux is a naked trustee without interest, his estate does not pass to his assignee under the Bankrupt Act.

3. When a debt is secured by a mortgage, the debt is the principal, and the mortgage only the incident: an assignment of the debt passes all the rights of the creditor in the mortgage.

William F. Jones, who is the present holder of the bond secured by the mortgage, is no party to this action. For that reason and for the further reason that there is no demand by any party for any judgment or order for the application of the proceeds of the sale, the Court can make none. The order of the Judge below vacating the injunction, is affirmed; but that part of his order which directs the surplus to be paid into Court, is reversed. The case is still in the Superior Court, having been brought here by appeal from an interlocutory order: if any of the parties desire the payment of the surplus into Court, and will amend the pleadings so as to make such an order possible, it will remain with the Judge to act as he may think proper in that event.

Let this opinion be certified, &c.

The defendants will recover their costs in this Court: the defendants Clark and Winston might have joined in their answers, and can recover but one set of costs.

PER CURIAM.               Order accordingly.