H. H. COOR *v.* JOHN D. SPICER *et al.*

Where a note tainted with usury is endorsed to a third person, who purchases it for value, and without notice of any illegality attending the execution thereof, and the maker gave to the payee a mortgage to secure the payment of said note: *Held,* that the defence of usury could not avail the maker, and that the mortgage given to secure the payment of the principal and interest due thereon could be enforced.

Motion to dissolve an injunction heard before *Clarke, J.,* at Spring Term, 1871, of WAYNE Superior Court.

The following facts were found by the Court:

1. That on the 28th April, 1870, the plaintiff borrowed from defendant Spicer, three hundred dollars, for which he gave him three promissory notes for one hundred and forty-five dollars and sixty cents each, payable to said Spicer, or order, due and payable Jan. 1st, 1871. At the time of executing said notes, and for securing the payment thereof, the plaintiff executed a mortgage to the defendant Spicer, of his lands, with power of sale, in case of failure of plaintiff to pay said notes at time of maturity, which said mortgage was duly recorded.

2. That on 4th July, 1870, the defendant Spicer sold said notes to W. G. Morrisey for value, and without notice of the usurious transaction between plaintiff and defendant Spicer, and on the following day, Morrisey transferred said notes to the defendant Isler, who bought them as agent for the defen-

4

dant Penelope Holt; that the latter transfer was also for value, and without notice on the part of Morrisey, Isler or Holt, that said notes were usurious.

3. That early in January, 1871, plaintiff proposed to pay defendant Holt $300, with interest at six per cent. from date of said notes, in discharge and satisfaction thereof, which defendant, Penny, refused to receive.

4. That on 24th Jan. 1871, the plaintiff filed an injunction to restrain the mortgagee Spicer, from selling said lands to secure the payment of the aforesaid notes, which said injunction was obtained after a summons had issued against the defendants.

At Spring Term, 1871, of said Court, the defendants moved that the injunction order be dissolved, which motion was refused by his Honor, whereupon defendants appealed.

*Bragg & Strong,* for plaintiff.
*Faircloth,* for defendants.

READE, J. The only question presented for our consideration, is, whether a mortgage to secure a usurious debt, in the hands of a purchaser for value without notice of the usury, is void.

Except as otherwise provided by statute, a negotiable instrument, void as between the original parties by reason of any illegality in the consideration, was, nevertheless good in the hands of an endorsee for value and without notice. *Henderson* v. *Stannon,* 1 Dev. 147. Of course it might be otherwise provided by statute; and our usury statute, Rev. Code, ch. 114, did make void all instruments, the consideration of which, was usurious; and under the operation of that statute, innocent and meritorious holders were obliged to suffer. No doubt it was the consideration of that statute which misled his Honor; and it was probably not called to his attention, as it was not to ours in the argument, that our statute, Rev. Code, ch. 50, sec. 5, provides that no conveyance or mortgage, &c., by reason

that the consideration shall be forbidden by law, if such purchaser at the time of his purchase have no notice of the unlawful consideration.

This statute, we think, embraces the case under consideration. The endorsees for value and without notice, are not affected by the illegality of the consideration of the note between the original parties to the mortgage, and consequently have a right to enforce payment by a sale under the mortgage.

The injunction ought to have been dissolved.

This will be certified. There is error.

PER CURIAM. Error.