THOMAS L. HEMPHILL and wife *et al. vs.* BENJAMIN A. ROSS.

1. Upon the execution of a mortgage, the mortgagor becomes the *equitable* and the mortagee the *legal* owner, and this relative situation remains until the mortgage is redeemed or foreclosed.

2. Until the day of redemption be past, the mortgagor has a legal right, and after, an equity of redemption.

3. A mortgagor allowed to remain in possession by the long acquiesence and implied approval of the mortgagee, is not a trespasser but a permissive occupant, and as such is entitled to reasonable demand to terminate the implied license before an action can be brought to recover possession.

4. A purchaser of the mortgagor's estate under execution and (where he has leased,) his lessee are entitled to the right of the mortgagor.

The cases of *McKesson* v. *Harshaw*, 65 N. C. 688. *Harshaw's ex'trs* v. *McKesson*, at this term, and *Hemphill* v. *Giles* at this term, cited and approved.

This was a civil action tried at Fall Term, 1871, of Burke Superior Court, before His Honor Judge Mitchell and a jury.

The action was brought to recover possession of land, and the following facts were developed on the trial:

That one W. F. McKesson formerly owned the land, and on the 5th day of February, 1869, conveyed the same to one Jacob Harshaw, to secure certain notes given for money lent by said Harshaw.

The money secured to be paid by the mortgage was to be paid by the terms of the mortgage in instalments of 3, 4 and 5 years. No payment had been made on any of the notes so secured. Harshaw was dead and the plaintiffs are the devisees of his interest in the mortgaged property.

It was also in evidence that W. F. McKesson had been allowed by the mortgagee to remain in possession, and that his estate had been sold at execution sale and purchased by C. F.

McKesson, who had leased the premises to the defendant, and that the defendant had not received any notice to quit, and no demand for possession had been made on him.

There were other matters shown, but not material to a correct understanding of the case.

There was a verdict and judgment for the plaintiff, and the defendant appealed.

*Battle & Sons* for plaintiffs.
*Busbee & Busbee, Folk* and *Armfield* for defendant.

I. Both mortgage and covenants contain a stipulation that in case the motgage money was paid in three, four and five years in equal installments, no suit was to be brought either for the land or for the debt. Now this is equivalent to a proviso that the mortgagor shall enjoy the land from the delivery of the mortgage, and covenant until the expiration of five years, and constituted the mortgagor tenant for years to the mortgagee. It was such a vested legal interest as might be sold by the mortgagor, at his death would have vested in his executors administrators, which consequently passed to C. F. McKesson, by virtue of the execution sale and sheriff deed. 1 Gr. Cruise, 572; *Powslay* v. *Blackman*, Cro. Jac. 659. Coote on Mort. 327, 360.

Dick, J. The mortgage executed by W. F. McKesson, to Jacob Harshaw has given rise to much litigation, which might have been avoided, if the terms of the mortgage had been more explicit, or the parties had better understood their relative legal and equitable rights.

Upon the execution of a mortgage the motgagor becomes the the equitable owner of the lands, and this relative situation remains until the land is redeemed, or the mortgage is foreclosed. Until the day of redemption is passed the mortgagor has no special equity, but he may pay the money according to

Thos. L. Hemphill *v.* Benjamin A. Ross.

the proviso, and avoid the conveyance at law, and this privilege is termed his legal right of redemption.

After the special day of payment has passed, the mortgagor still has an equity of redemption, until there is a foreclosure, and this right is regarded as a continuance of the old estate, and so long as he is permitted to remain in possession, he is considered to hold in respect to his ownership, and is not accountable for the rents and profits of the mortgaged lands. Adams' Eq., 114.

Mr. Coote, in his valuable work on mortgages, 319, says, "there is some obscurity in the books in what light the mortgagor during this period of actual possession or receipt of the rents of the land, stands in respect to the mortgagee. The result of the cases, however, appears to be, that he may be considered as tenant for a term, or at will, or by sufferance, or a trespasser, according to circumstances."

In applying these principles of law, we will briefly consider the relative situation of the parties to the mortgage introduced in evidence, and the manner in which they have acted towards each other, so that we may ascertain the resulting rights of the parties to this action.

On the 5th day of February, 1867, Wm. F. McKesson executed the mortgage to Jacob Harshaw to secure certain debts therein mentioned ; and there is an express stipulation that the mortgage is to be void, if Mr. McKesson shall pay said debts in equal installments in 3, 4 and 5 years.

The acceptance of this mortgage raised an implied promise on the part of the mortgagee, that he would not sue on the notes secured, only as the several installments became due. *McKesson* v. *Harshaw,* 65 N. C. 688.

The mortgagee had no right to foreclose the mortgage until the day of redemption had passed.

*Harshaw's ex'trs* v. *McKesson* at this term. Under these circumstance the mortgagor was permitted to remain in possession for several years, and he received the rents and profits

of the land. The mortgagee had a right at any time, upon reasonable demand, to take possession of the mortgaged premises, for the better security of his debt, and by so doing he would have become liable to keep such premises in usual repair, and to account for the rents and profits received in a settlement of the mortgage debts.

It is not necessary for us in this case to determine with precision the position of the mortgagor in possession towards the mortgagee, as under the circumstances he was not a trespasser, but a permissive occupant holding possession by the long acquiesence and implied approval of the mortagee, and as such was entitled to a reasonable demand to terminate this implied license before an action could be brought to recover possession. *Hemphill* v. *Giles* at this term, and authorities cited.

Charles F. McKesson purchased the legal right of redemption belonging to the mortgagor at execution sale, and the sheriff's deed conveyed such estate to the purchaser and substituted him to the rights of the mortgagor.

The purchaser leased a part of the premises in dispute to the defendant, who is in possession, and is entitled to the rights of his lessor, to have a reasonable time after demand to deliver possession to the plaintiffs, who are the legal owners. As no demand was made, this action cannot be sustained.

There was error.

Per Curiam.                                     Case dismissed.