The following are the facts signed by the counsel for both plaintiffs and defendants and sent up to this Court as a statement of the case and part of the records:
The action was commenced by summons, issued by the plaintiffs, 29th December, 1874, and returnable to Spring Term, 1875. On the 30th of said December, upon application of the plaintiffs, and without notice to the defendants, Judge WATTS, who hearing the complaint and affidavits of the plaintiffs, made an order in the cause, restraining and enjoining the defendants, their agents, attorneys, c., from further proceeding with the sale of the property mentioned in the complaint, until the further order of the Court. At Spring Term, 1875, of said Court — the same being the appearance term — the defendants *Page 493 
having filed their answer, moved to vacate the said order of injunction, of which notice the plaintiffs had due notice.
Upon the hearing of the motion to vacate said order, the defendants read their answer, and the affidavits and exhibits annexed thereto and prayed to be taken as a part thereof, — and which, not being material to an understanding of the point at this time decided in this Court, need not be set out; and the plaintiffs read their complaint, together with the several affidavits and exhibits thereto annexed.
The plaintiffs admitted, that the allegation in article 5 of their complaint, alleging a payment of three hundred and fifty dollars, February 2d 1874, was an error; the said sum of three hundred and fifty dollars being included in and helping to make up the payment of five hundred dollars for January 31st, 1874, also mentioned in the said article of their complaint. It was also admitted by both parties, that the aggregate payments which the plaintiffs had made towards the purchase money, was, exclusive of interest, _____ dollars; and if this was not applied to the cash payment, and to the principal money specified in the notes mentioned in article 4 of the complaint, the residue of the amount of said cash payment, and the principal money specified in said notes, would amount to _____ dollars.
The defendants insisted that said order of injunction ought to be vacated, upon the following grounds, to wit:
(1.) That the action of the plaintiffs is for equitable relief, and that all the facts alleged in their complaint, upon which their equity rests, are sufficiently denied by the answer and disposed of by the evidence.
(2.) That the plaintiffs are mortgagors, seeking to redeem after default and forfeiture. That according to their own showing in their complaint, there was, at and before the commencement of their action, a considerable amount of the purchase or mortgage money due; yet they have not paid the same, nor brought the same into Court, nor offered to do so. *Page 494 
(3.) That it appears from the evidence, that the lands secured by the mortgage were, long before the commencement of this action, transferred to W. W. Jones, administrator de bonis non of P. E. A. Jones, deceased, and that this fact was known to plaintiffs before the commencement of this action, as appeared by their letter to said W. W. Jones; and that said lands are and ever since have been held by him, and yet the said W. W. Jones has not been made a party and is not a party to this action.
(4.) That it appears by the evidence that the estate of the said P. E. A. Jones is considerably indebted, and that the plaintiffs are in possession of the mortgaged premises and have been committing waste therein, thus impairing the value of the same as a security for the mortgage money; and that the said W. W. Jones, administrator, ought not to be prejudiced and hindered and delayed in settling up the estate of his said intestate, by being restrained from carrying into effect the power of sale contained in said mortgage.
(5.) That it appears by the evidence that the plaintiffs are unable to pay the residue of the purchase or mortgage money, or any part thereof, without a sale of the mortgaged property and that the said W. W. Jones, to whom the said mortgaged lands were transferred, and the defendants are solvent and responsible and amply able to make good to the plaintiffs the surplus proceeds of the sale, if any, or if any wrongful payment or appropriation of any part of said proceeds, or any damage to the plaintiffs by reason of any misconduct in conducting the sale.
The plaintiffs opposed the motion to vacate said order of injunction, and insisted that the four bonds mentioned in article 14 of their complaint, were executed to secure a further interest of eight percent. upon the deferred payments for the property specified in said instrument, in article 1 of said complaint mentioned, in addition to the six per cent. provided for in the bonds for said deferred payments; and that the same is included in the bonds mentioned in the said mortgage; that *Page 495 
such interest being usurious, the contract is therefore void as to the entire interest and no interest is recoverable thereon; that if it was necessary, in order to ascertain the sum over due, it should be referred to the Clerk to report, so as to give the plaintiff an opportunity to pay it, and prevent a sale of the mortgaged premises. But that as it was conceded that the aggregate sum of _____ dollars had been paid, and it was a mere matter of substraction [subtraction] to ascertain the true amount, no reference was necessary; and that the plaintiffs were now ready to pay the rateable part of the purchase money, ascertained upon this basis of calculation.
The defendants insisted that the said four bonds or notes mentioned in article 14 of the complaint, were not executed to cover usurious interest, but for a part of the price which was demanded, and which the plaintiffs agreed to pay for the property, upon the terms of the sale at the time it was sold to them, as set out and explained in article 2 of the answer. That this was one of the issues of fact joined between the parties, which they were entitled to have tried by a jury, at the proper time for a trial of the same; that the presiding Judge had no right at any time, without the intervention of a jury and without the consent of the defendants, to try of himself and find the issues joined between the parties, and thereupon to render judgment, finally determining the rights of the parties in the action, and referring it to the Clerk to take an account of what was due on account of the purchase money, with instructions not to charge or allow any interest whatever on the principal; and least of all, had the Judge a right to do so at the appearance term, upon the hearing of a motion merely to vacate an injunction.
The defendants further insisted that, even if the contract of sale, in a proper trial of the issues of fact, was found to be usurious in the manner as alleged in the complaint, yet the said W. W. Jones became the bona fides
purchaser for value, and holder of the said mortgage bonds, and ought not to be affected by such usury; and further, that inasmuch as the plaintiffs *Page 496 
are the actors, and seeking equitable relief against said contract, the Court proceeding upon the principles of equity, ought not in any event to grant such relief to the plaintiffs, except upon the terms of their paying what is really and bona fide due, deducting the usurious interest only.
No application was made by the defendants, for a jury to ascertain any fact in the case, or to the judge to make and submit such issues.
His Honor, hearing the pleadings, affidavits, exhibits, c., and the arguments of counsel, found the fact to be, that there was usury in the execution of the original bonds for the purchase money; and that such usurious interest was incorporated in the bonds secured by the mortgage; and that such bonds, were as to such usurious interest, and all interest, void, and rendered judgment as follows:
"It appearing to the Court, upon the evidence, that interest at the rate of six per centum per annum was stipulated to be paid upon the four several notes given by the plaintiffs for the deferred payments, each in the sum of $2,833.25, and is so expressed on their face, and that the plaintiffs executed at the same date, four other notes to secure a further interest of eight per centum thereupon, such interest being payable at one, two, three and four years, and that such interest is usurious, and the contract is thereby void as to the entire interest, and that the same is included in the notes described in the mortgage, and no interest is recoverable thereon.
The Court doth declare and adjudge, that only the principal money, to wit: $11,333, is legally due under said contract upon the payment whereof, the plaintiffs are entitled to a reconveyance of the mortgaged lands. And it further appearing, that drivers payments have been made by the plaintiffs towards such residue of the purchase money, the amount whereof should be ascertained: It is ordered and adjudged, that it be referred to B. H. Cozart, Clerk of this Court, to ascertain and report the amount of such payments, and the residue remaining *Page 497 
unpaid of said purchase money, upon the basis of this judgment and the principle herein declared.
And it is further declared, that upon the coming in of said report, and its confirmation, the plaintiffs pay into Court, within twenty days thereafter, one third of the sum for the use of the holder of said notes; and upon such payment, the injunction to be continued until the further orders of the Court. And if the plaintiffs fail to make such payment, the injunction be dissolved and the defendants be at liberty to proceed to sell under said mortgage for such residue according to the provisions of said mortgage. And the cause is retained for further proceedings."
From this judgment, the defendants appealed:
1. W. W. Jones, who was and is the legal holder of the notes secured by the mortgage is a necessary party to this action, and this fact was known to the plaintiff before action was brought. Hyman v. Devereux,63 N.C. 624, 1 Dan. ch. pr. top page 313, marginal 306.
2. The notes were assigned to W. W. Jones for value and bona fide, without any notice of any illegality in the consideration. He is not therefore affected by the usury, if there was usury. Coar v. Spicer,65 N.C. 401.
3. Under the usury law in Revised Code, the original contract is rendered void by usury. Under Battle's Revisal, chapter 114, the contract is not void. The interest only cannot be recovered. Coar v. Spicer, Ibid.
4. This is a common, not a special injunction, and will be dissolved on denial of the plaintiff's equity by the answer or even where it is made doubtful. N.C. Law Repository, 110.
5. The transaction was not usurious unless there was a completed contract of sale for seventeen thousand dollars cash, so that the plaintiffs owed the seventeen thousand dollars, and the other party was entitled then to receive the same, and the small notes were taken not for an addition to the price but for forbearing *Page 498 
and giving day of payment of the $17,000 as a debt then due. Chitty on contracts, 778, 779; 2 Parsons on Notes and Bills, 406, 407; Beete v.Bedgood, 14 E. C. L. 80; Tyler on Usury, 92, 93, 95, cases cited, 114;Cutter v. Wight, 22 N.Y. Reports, 472; Williams v. Reynold, 10 Maryland, 57; Tonsey v. Robinson, 1 Metcalf (Kentucky), 663; Stephens v. Davis, 3rd Metcalf, (Mass.) 211; in Mitchell v. Guffeth, 22 Missouri at page 517;Beete v. Bedgood, 14 E. C. L. 80, is referred to and applied.
6. If the transaction was a bona fide sale of the land and not a pretence to avoid the law of usury, the contract is not usurious and could not be usurious unless there was a loan of money or forbearance of a debt then due. See authorities above cited.
7. If the contract should be found to be usurious yet inasmuch as the defendants are not seeking and do not need to seek assistance from the Court to recover interest having a mortgage with power of sale, but the plaintiffs are equitable actors seeking relief against the contract the Court will not give them, except upon the terms of paying the legal principal and interest, deducting only the usurious excess. 1 Story's Equity Jurisprudence, sec. 301; Ballingar v. Edwards, 4 Iredell's Equity, 449. "And if the plaintiff do not make such offer in his bill the defendant may demur to it and the bill will be dismissed." Ib. 1 Story's Equity, sec. 301.
8. Battle's Revisal, ch. 114, applies only to cases where the obligee is compelled to come into the Court asking affirmative relief. It gives no relief to an obligor who himself becomes an actor in a proceeding seeking relief against usury. Battle's Revisal, ch. 114.
9. On bill in equity to redeem by mortgagor the plaintiffs must bring into Court or offer to do so, the amount due. Irwin v. Davidson, 3 Iredell's Equity, 311. (See page 321, middle.)
10. Mortgagor, who has not paid amount admitted to be due nor brought it into Court, cannot enjoin execution for the *Page 499 
money nor a recovery in ejectment. Cunningham v. Davis, Ired. Eq., 5.
N. B. The defendant having a mortgage and power of sale, stands in an analogous situation to a man having a judgment and execution for the mortgage money.
11. The Judge, at the appearance term, upon a mere motion to vacate anex parte order of injunction, finds and adjudges thereon all the issues of law and fact, raised by the pleadings, without the consent of the defendant or the intervention of a jury. He leaves nothing to be decided but the amount of payments made by plaintiff, as to which there is a compulsory reference to the clerk. Thus practically deciding the whole case and settling all the rights of the parties at the appearance term. To show that the judgment was intended to conclude the rights of the parties, it gives the plaintiffs a time within which to redeem, which it would be error in the Court to do, until there was first a final finding upon the issues relative to the amount due, or in anywise affecting that question, and an ascertainment of the same, and a final adjudication as to the amount due.
12. This action is in the nature of a bill in equity by the mortgagor to redeem, after default and forfeiture. In such a case the Court, if it allows the plaintiff to redeem, fixes a time in which he shall redeem and never enlarges the time. 1 Smith Chancery Practice, 547.
The result of the judgment, if it stands, is equivalent to an enlargement of the time for redemption, if it is not a final judgment, because if it is not a final judgment, then there must be another time fixed for redemption, which is equivalent to an extension of the time, contrary to the rule and practice of a court of equity.
13. The rule of a Court of Equity that the mortgagor should bring into Court the amount of mortgage money admitted to be due, or offer to do so, (and it is the plaintiff's business if he admits anything to be due, to state what is the amount of it,) applies with greater force to our case, because it appears by *Page 500 
the affidavit of W. W. Jones, page — , of the record, that the estate of his father owned about $6,000; and if the amount admitted to be due were paid into Court, the same could be applied to the payment of debts of intestate, and to that extent the execution of his trust as administrator expedited.
I. The original contract executed by the parties provides expressly that the notes to be given for the deferred payments shall bear six per cent. interest from date, and these notes were executed at the same time and outside of the written contract and four more notes taken, which represent eight per cent. additional on the interest bearing principal to the dates at which the respective time payments become due. The only consideration for these last notes must be the time given and the forbearance because thevalue and price of the land are fixed in the original contract.
II. Our statute (Battle's Revisal, ch. 114,) is unlike the English Statute, since it declares in positive terms that "the legal rate of interest upon all sums of money where interest is allowed, shall be six per cent. per annum for such time as interest may accrue and no more," and it then authorizes a higher rate, not exceeding eight per cent. "for the loan of money," and thus conclusively shows that it was intended to limit the rate of interest in cases where money was not loaned, but where upon some other transaction interest was to be taken, and this interest is restricted, whether there be an express agreement or not, to a rate not exceeding six per cent. Our statute is thus much more comprehensive and embraces all interest bearing securities whether for money loaned, or for other consideration.
III. The contract of purchase is a single transaction, and the plaintiffs having made partial payment have a right to have *Page 501 
them applied to the legal debt existing against them, instead of the usurious interest charged, and much of this usurious eight per cent. interest is consolidated with the gross sums stipulated to be paid at future dates as secured in the mortgage.
IV. The evidence shows that the plaintiffs were strangers, just arrived in the United States, and confided the preparation of the various papers to the defendant's brother, and were ignorant of the rate of interest allowed by law, and supposed eight per cent. was authorized by law.
V. The reasons given for putting the transaction in the shape it originally wore, are very unreasonable and unsatisfactory. Why take two sets of notes, one for the deferred payments, bearing interest from date, and the other for the additional 8 per cent, and have these latter notes outside of the security afforded by the provision for retaining title until full payment was made, unless it was to cover up the transaction and conceal its true objects? It was quite as easy to rewrite the contract, or to correct it in the matter of interest, as it was to draw up four new notes to cover the increased interest.
VI. The evidence shows that the land sold for nearly or quite double its real value, and that the plaintiffs confided entirely as to the value of the bond to the representations of the sender and association whose agency was used in affecting the sale, and thus was the sender enabled to charge the enormous interest stipulated to be paid.
VII. The plaintiffs offered to pay in, what upon their statement was due, and the Judge was fully warranted in sustaining the injunction as to the residue claimed until the final hearing and disposition of the case upon the proofs.
VIII. It is true where a party had to seek the aid of a Court of Equity in enforcing a discovery of usury, it was given only on the terms that the applicant pay the debt and legal interest. This doctrine is not applicable to the present law, since the statute compels a discovery in aid of the defence of usury, and no conditions can be imposed in enforcing that obligation. The defence now stands upon independent ground, *Page 502 
and the plaintiffs are entitled to the discovery in relief of themselves from the entire interest.
IX. Supposing, however, that the matter is left in reasonable doubt, as the plaintiffs may lose everything by a sale, and the defendants have, upon their showing, ample security for the residue of the purchase money, the Court will, to prevent irreparable mischief, prevent the sacrifice and retain control of the property until the matters in controversy can be fully settled upon the hearing.
X. And more imperative is that obligation in the face of the defendants' claim to sell and pay the whole of the debts mentioned in the mortgage, in which are included large amounts of interest, put them upon the interest as to time, but which are to be immediately collected without abatement, if a sale takes place. The very claims of defendant is itself strong proof of the character of the transaction, which has culminated in such a mortgage and with such provisions.
XI. The plaintiffs submit that whatever sum may be due, and which the Court may require them to pay, they have a right, on such payment, to have the sale enjoined and the mortgagee restrained from enforcing as hard and harsh a bargain as defendants insist on.
The payments made are set out in the answer at page 24, and besides the first cash payment are in the aggregate $40.22, a total of $9,688.66, having, if applied to the principal only, a residue of $7,311.33.
The only question presented to this Court is upon the appeal of defendants from the interlocutory order of the Judge enjoining the sale of the land by the defendant, J. T. Jones, on compliance by the plaintiffs with certain conditions expressed in the order. We have carefully read and considered the whole record. It appears to us that it might prejudice a future trial of the matters in issue between the parties if we should undertake to discuss the probability of the disputed *Page 503 
facts with the view of giving a reason for the conclusion we have come to. For that reason we refrain from doing so. It is impossible also to discuss any of the questions of law which were made at the bar, without assuming some certain state of facts. These will properly come up for consideration upon the hearing in the Court below.
We see no error in the order appealed from. But as the time allowed by that order for the payment of the required sum by the plaintiffs, has already expired, the plaintiffs are allowed twenty days from a service on them of a copy of the order of this Court within which to make the payment. Unless the counsel for the parties can agree upon the amount required to be paid by the order of the Judge below, it will be referred to the Clerk of this Court to ascertain it, and the amount to be paid will be inserted in the order. In all other respects the order of the Judge below is affirmed. The plaintiffs will recover costs in this Court.
Judgment below modified, as above stated, and otherwise affirmed. Let this opinion be certified. The Clerk will issue a copy of the order in this case to be served on the plaintiffs and returned to the Superior Court of Granville.
PER CURIAM Judgment accordingly. *Page 504