JAMES M. WILLIAMS v. ROBERT TEACHEY.

*Assignment of Mortgage, what it conveys.*

An assignment of a mortgage in terms which do not profess to act upon the land, does not pass the mortgagee's estate in the land, but only the security it affords to the holder of the debt.

(*Hyman* v. *Devereux,* 63 N. C., 624; *Hemphill* v. *Ross,* 66 N. C., 477; *Ellis* v. *Hussey, Ib.,* 501; *Isler* v. *Koonce,* 81 N. C., 378; *Bruce* v. *Strickland, Ib.,* 267, cited and approved.)

CIVIL ACTION, to recover land, tried at August Special Term, 1880, of DUPLIN Superior Court, before *Schenck, J.*

The plaintiff appealed from the judgment of the court below.

*Mr. D. J. Devane,* for plaintiff.
*Messrs. Allen & Isler,* for defendant.

SMITH, C. J. The land for the recovery of which the action is prosecuted was conveyed on April 4th, 1873, by the defendant's deed to one Harper Williams in trust to secure the debt therein recited, and alleged in the complaint to embody a large usurious interest, with a power of sale in

default of payment. The mortgagee subsequently executed two assignments, the first being endorsed upon the deed as follows:

[1.] For value received, I transfer the within mortgage to A. F. Williams, his heirs and assigns, this January 1st, 1876. (Signed and sealed by Harper Williams, and witnessed by J. D. Stanford.)

[2.] For value received, I sell and transfer to Albert F. Williams, all my right, title and interest in and to the following mortgages executed by the parties mentioned, namely, one mortgage executed by Robert Teachey for one thousand acres of land lying on Island Creek and Rockfish Creek, near Teachey's Depot; also one mortgage executed by Thos. K. Murphy for one tract of land containing one hundred and ninety-nine acres, one tract containing fifty-one and one half acres, one tract containing sixty acres; also all my interest in three mortgages executed by Grady Outlaw for several tracts of land described in said mortgages. As witness my hand and seal this June 14th, 1876. (Signed and sealed by Harper Williams, and witnessed by J. D. Stanford.)

Both of these instruments were proved and registered, the latter on the day after the execution, and the first on August 6th, 1880, after the institution of the suit.

The assignee, A. F. Williams, being also the holder of the secured note and claiming the mortgagee's estate in the land, proceeded under the provisions of the deed to advertise and make sale of the land, and on October 9th, 1878, executed a deed therefor to the plaintiff.

Under a title thus derived, he asserts his right to recover, and the question is presented as to the legal effect and operation of the assignments in divesting the estate of the mortgagee and transmitting it to his assignee. His Honor ruled that they were ineffectual as conveyances, because there is not " a thing granted," whatever equities may arise out of their execution.

We concur that they do not pass the legal estate of the mortgagee. The assignments do not in terms profess to act upon the land, the subject matter of the mortgage deed, nor upon any estate or interest which the assignor may have therein, but upon the *mortgage* itself in the one, and upon the assignor's "*right, title and interest*" *in the mortgage* in the other, words of equivalent import. It is the mortgage deed, the written instrument of conveyance, and the security it affords to the holder of the debt that is undertaken to be transferred, not the land, nor any estate in it vested in the mortgagee.

It then leaves his estate undisturbed, held in trust for the benefit of the creditor to whom the note belongs, with his equities to have the land sold and the proceeds applied to its payment. The grant is not synonymous with the thing granted. The one is the legal agency whereby property is transferred and a change of ownership produced; the other is that property thus transferred. It is just as necessary to the operation of a conveyance that its subject matter should be specified, as the names of the parties between whom it operates. The assignment of a note secured by mortgage carries with it the mortgage security, the mortgagee being then a trustee for the owner of the note, the trusts of which may be enforced, and we are not prepared to say that an assignment of the mortgage deed is more than an expression in terms of what is implied in law from the act of assigning the debt secured. *Hyman* v. *Devereux*, 63 N. C., 624; 1 Jones on Mortg., §805.

We are aware that in many of the states the strict legal relations of the parties resulting from the making of a mortgage have been changed, "for the most part by statute," remarks a recent author, "so that a mortgage is regarded as a mere pledge, and the rights and remedies under it are wholly equitable, so that a second system has grown out of the first." 1 Jones on Mortg., §17.

It is held that the mortgage though conveying land passes but a chattel interest, incidental to, and partaking of, the nature of the debt intended to be protected, and hence upon the death of the mortgagee may be assigned by his personal representative. *Ibid.*, 796.

Such is not the law in this state, and the distinction is maintained between the legal estate in the mortgagee and the equitable estate in the mortgagor created by the execution of the mortgage deed, while the latter is subject to dower and to sale under execution. *Hemphill* v. *Ross*, 66 N. C., 477; *Ellis* v. *Hussey, Ib.*, 501; *Isler* v. *Koonce*, 81 N. C., 378.

Our construction of the assignments as intended to pass whatever equitable rights were necessary to the full enjoyment of the security provided for the note and none other, is confirmed by the absence of words of inheritance in the last, thus cutting down the estate if applied to it, to an estate for life instead of an absolute estate. The issues involving the *bona fides* of the assignments, and of the sale and conveyance to the plaintiff, and their effect upon the defendants' right to redeem, thus become immaterial as well as alleged errors committed on their trial, and may be put out of view.

Upon the findings of the jury, if their verdict is not vitiated by error (and the exception of the plaintiff to any rulings we do not propose to consider) the defendant would be entitled, were all necessary parties before the court, to a judgment allowing him to redeem and directing a sale after a reasonable time upon his failure to do so, as he asks in his answer. But in order thereto, Harper Williams should be made a party, and as the defendant does not object to the judgment putting an end to the action, nothing remains for us but to affirm it. We do not express any opinion upon the defendant's claim to the homestead, referring only to what is said in *Bruce* v. *Strickland*, 81 N. C., 267, since if

valid it may be hereafter asserted.   The plaintiff having no title cannot disposses the defendant.

No error.                              .               Affirmed.