CALVIN VESTAL v. J. M. WICKER et al.

*Contract, Parol—Evidence—Judgment, Satisfaction of.*

A judgment debtor conveyed to his creditor a tract of land, and there-
upon the latter executed to the former a bond conditioned to
convey the title to the same land whenever the sum therein men-
tioned—being identical with the amount due upon the judgment—
was paid: *Held*, that parol evidence was admissible to show that
the deed was executed in full payment and discharge of the judg-
ment.

This was a motion for leave to issue execution, made before
the Clerk of the Superior Court of MOORE County, on the
15th day of August, 1887, after notice to the defendants.

The judgment was recovered in the Superior Court of
said county on the 10th day of February, 1879.

The defendant Wicker filed a written answer to the motion,
in which he alleged that he had paid the judgment in full.
Thereupon, an issue of fact having been raised, the cause
was transferred to the civil issue docket for trial.

The issue was tried at October Term, 1890, of Moore
Superior Court, before *Graves, J.* It was admitted on the
trial that S. H. Buchanan, a surety, paid the amount of
said judgment to the plaintiff Vestal, and had the same
assigned to one Joseph Buchanan for his benefit on the
4th day of August, 1879, and that said S. H. Buchanan
now is, and has ever since been, the beneficial owner of
said judgment; that thereafter, to-wit, on the 26th day of
January, 1880, the defendant Wicker executed and deliv-
ered a warranty deed to said S. H. Buchanan for a certain
interest in a tract of land in Chatham County in consid-
eration of $413.73, and on the same day the said S. H.
Buchanan executed and delivered to said Wicker a bond for
title to said land, agreeing to execute to him a deed upon

the payment of the above-named amount, with interest. Said deed and bond for title were introduced in evidence and read. The defendant proposed to prove that it was agreed between Wicker and Buchanan at the the time said deed was executed and delivered that said deed was given in full payment of the amount that Buchanan had paid to Vestal in satisfaction of his judgment.

The plaintiff objected. Evidence allowed. Plaintiff excepts.

All the issues were found in favor of the defendants, and from the judgment thereon the plaintiff appealed.

*Mr. J. C. Black*, for plaintiff. ·
*Mr. John W. Hinsdale*, for defendant.

CLARK, J.: It was admitted that the defendant Wicker, the judgment debtor, had executed to S. H. Buchanan, to whose use the judgment had been assigned, a deed for a certain tract of land, which deed recited as its consideration the exact amount due by the judgment. It did not tend to vary or contradict the deed in any way to admit parol evidence that the deed was given in consideration of the satisfaction of the judgment. It was, however, further in evidence that Buchanan, the beneficial owner of the judgment, had, on the same day the said deed was executed to him by Wicker, executed a bond to Wicker to make title back for the said tract upon payment of a sum which was the same as that named as the consideration in the deed, and which was also the amount of the judgment. It was, therefore, contended that, taking the deed and bond for title together, the legal effect was the same as if a mortgage had been executed by the judgment debtor to the owner of the judgment.

We cannot see that it makes any difference whether it was an absolute deed, a conditional sale, or a mortgage. If the agreement between the parties was that the mortgage (treat-

ing it as such) was taken in full satisfaction of the judgment, this could be shown by parol. Whether it was taken as additional security, as partial satisfaction, or in full satisfaction of the judgment, was a question of fact for the jury. Such agreement to cancel a judgment is not required to be in writing, nor is it essential that the cancellation should be entered on the judgment docket, if, in fact, the agreement to cancel and the payment of the consideration therefor are proven. A judgment creditor, rather than embarrass his debtor by having a judgment lien on all his realty, might consent to accept in satisfaction a mortgage for the same amount on one single tract; or, if doubtful of the sufficiency of his debtor's realty above the homestead, he might prefer the mortgage on part of the realty as a better security; or other motives might move the parties. The question is simply one of fact for the jury to determine whether or not the transaction and agreement were a novation of the debt and satisfaction of the judgment.

The bond to make title recites that the deed was executed to secure to Buchanan the amount of the judgment, and if the land should sell for more than enough to pay the judgment, interest and costs of sale, the surplus to be paid to Wicker. But it is not stated therein whether such security was additional to or in satisfaction of the judgment. It was not necessary that such collateral agreement should be in writing, and when this is so, if only part of the agreement is reduced to writing, the other part can be shown by parol. *Terry* v. *Railroad*, 91 N. C., 236; *Cumming* v. *Barber*, 99 N. C., 332. It is true that in all such cases the presumption is that the conveyance is intended as additional security, and not in satisfaction of the preceding debt. *Hyman* v. *Devereux*, 63 N. C., 624. But there is no exception to the instructions to the jury. The sole question presented is as to the admissibility of parol testimony.

Affirmed.