Civil action. The facts of the case are these: W. H. Davis conveyed certain land to D. G. Davis, who alleged that the deed did not include all of the land contracted to be sold and conveyed to him. He executed a mortgage to W. H. Davis to secure the purchase money, or a part thereof, consisting of three notes, amounting, in all, to $500. These notes and the mortgage were assigned by W. H. Davis and wife to James M. McGee, trustee, who sold the land, after due advertisement, under the power contained in the mortgage, and executed a deed for the same to the plaintiffs, who were the purchasers. The following verdict was returned by the jury:
1. What sum is due by defendant, D. G. Davis, on notes referred to in complaint? Answer: "$500 and interest from 30 October, 1906."
2. Did W. H. Davis agree to convey to defendant, D. G. Davis, land which was not included within the boundaries of deed made in pursuance of said contract? Answer: "Yes."
3. If so, what damage, if any, did the defendant, D. G. Davis, sustain thereby? Answer: "$550." *Page 369 
4. What was the rental value of land described in complaint that defendant kept possession of during year 1914? Answer: "$75."
5. Are plaintiffs the owners and entitled to the possession of lands described in the complaint? Answer: "No."
The court adjudged that the assignment of W. H. Davis and wife and the deed of James M. McGee, trustee, to the plaintiffs were void and of no effect, and that the mortgage by D. G. Davis to W. H. Davis and wife be canceled as having been satisfied, as appeared from the verdict, the judge holding that the assignment did not confer any power on James M. McGee to sell under the mortgage, and that plaintiff acquired no right superior to that of the defendant, D. G. Davis. The agreement of the parties as to the question involved and the assignment of W. H. Davis and wife to James M. McGee are as follows:
"Plaintiffs claim title under an assignment of a mortgage from one W. H. Davis to James McGee, trustee, and a deed from McGee, assignee, to the plaintiffs in foreclosure of the mortgage.
"It is agreed that if the assignment is sufficient to authorize the said McGee, trustee, to make the sale and pass the title of the land to the plaintiffs, they are the owners of the land; if the assignment was not sufficient to authorize McGee, trustee, to make the sale and (300) pass the title, the plaintiffs are not the owners of the land.
"The assignment was duly registered in the office of the register of deeds in said Wayne County on 20 June, 1913, Book 115, page 359, and is in these words and figures:
"NORTH CAROLINA — WAYNE COUNTY.
"This indenture, made this 20th day of June, 1913, by and between W. H. Davis and wife, Louvenie E. Davis, of the county of Wayne, State of North Carolina, parties of the first part, and James M. McGee, trustee, of said county and State of North Carolina, party of the second part:
"Witnesseth, That whereas the said parties of the first part are the holders of two certain notes amounting to $500 and secured by first mortgage on real estate to secure the payment of the same, which mortgage deed is duly recorded in the registry of Wayne County, in Book 91, at page 262: said parties of the first part, for and in consideration of the premises therein conveyed and the sum of $10, have bargained and sold and by these presents doth bargain and sell said notes and securities thereto belonging to the said W. H. Davis and wife, Louvenie E. Davis, their heirs and assigns; and the said parties of the first part covenant to and with the said party of the second part that they are seized of said premises in fee, and have right to convey the same in fee simple, and *Page 370 
that the same is free from any encumbrances whatever, and that they will warrant the title to the same against the lawful claims of all persons whatsoever.
"Granting to the said parties of the second part, their heirs, executors, and assigns, full power and authority to advertise said lands agreeably to the terms of said mortgage and apply the proceeds of the said sale to the discharge of said debt and interest on the same, and any surplus pay to the said D. G. Davis and wife, agreeably to the terms thereof.
"In testimony of which the said parties of the first part have hereunto set their hands and seals the day and year first above written.
W. H. DAVIS, SEAL
LOUVENIE DAVIS. SEAL"
Probate in regular form.
His Honor being of opinion that the assignment was insufficient to authorize the assignee to make the sale and pass the title of the land, answered the issue as a matter of law as follows: "Are plaintiffs the owners and entitled to the possession of the land described in complaint? Answer: `No.'"
Plaintiffs excepted and assigned as error that "his Honor erred in holding as a matter of law that the assignment was insufficient to (301) authorize McGee to make the sale and pass the title to the plaintiff, and in answering the issue as above set out."
after stating the case: The contention of the defendant, and the court held in accordance therewith, is that the assignment of W. H. Davis and wife to James M. McGee operated only upon the mortgage as a security for the debt, and not upon the land itself, which is necessary to be conveyed in order that the power of sale, which is appendant, or appurtenant, to the legal title, may pass to the assignee. This statement of the law is abstractly correct, but it does not apply to this case, as we hold that there is a sufficient reference to the land in this assignment to pass the legal title thereto, and consequently the power of sale, to James M. McGee. Speaking to this question in Williams v. Teachey, 85 N.C. 402, ChiefJustice Smith said: "It is just as necessary to the operation of a conveyance that its subject-matter should be specified as the names of the parties between whom it operates. The assignment of a note secured by mortgage carries with it the mortgage security, the mortgagee being then a trustee for the owner of the note, *Page 371 
the trusts of which may be enforced, and we are not prepared to say that an assignment of the mortgage deed is more than an expression in terms of what is implied in law from the act of assigning the debt secured.Hyman v. Devereux, 63 N.C. 624: 1 Jones Mortg., sec. 805. We are aware that in many of the States the strict legal relations of the parties resulting from the making of a mortgage have been changed, `for the most part by statute,' remarks a recent author, `so that a mortgage is regarded as a mere pledge, and the rights and remedies under it are wholly equitable, so that a second system has grown out of the first.' 1 Jones Mortg., sec. 17. It is held that the mortgage, though conveying land, passes but a chattel interest incidental to and partaking of the nature of the debt intended to be protected, and hence upon the death of the mortgagee it may be assigned by his personal representative. Such is not the law in this State, and the distinction is maintained between the legal estate in the mortgagee and the equitable estate in the mortgagor, created by the execution of the mortgage deed, while the latter is subject to dower and to sale under execution. Hemphill v. Ross,66 N.C. 477; Ellis v. Hussey, ibid., 501; Isler v. Koonce, 81 N.C. 378." The Court then decides that an assignment which does not in terms profess to act upon the land, the subject-matter of the deed of mortgage, nor upon the estate or interest which the assignor may have therein, but only upon the mortgage itself, is not sufficient to pass the land, or the legal title thereto; and the power of sale, which is only an incident, does not, therefore, pass. It will be found that the cases (302) upon which the defendant relies are like Williams v. Teachey,supra, in respect to the fact that the words of the assignment in all of them, with perhaps one exception, are identical, or substantially so, with those used in the assignment construed in that case, as they referred only to the mortgage itself, without any sufficient inclusion of the land or the legal title therein; and in the excepted case, when first here,Justice Connor said: "The exceptions raise two questions of law: (1) Can the administrator buy up the outstanding mortgages on his intestate's land and then exercise the power of sale therein to foreclose the heirs of his intestate? (2) Can the assignee of a mortgage on land exercise the power of foreclosure without first registering the assignment? If the expression `buy up the mortgage' be understood as simply taking an `assignment of the mortgage,' as distinguished from taking a conveyance of the land with the transfer of the power of sale conferred upon the mortgagee, it is settled by numerous and uniform decisions of this Court that he cannot do so. Williams v. Teachey,85 N.C. 402; Dameron v. Eskridge, 104 N.C. 621; Hussey v. Hill,120 N.C. 312." Morton v. Lumber Co., 144 N.C. 31. It will be observed *Page 372 
that the language of the assignment was treated as "an assignment of the debt and mortgage," which would only transfer to the assignee the debt and the security for it, as in Williams v. Teachey, supra. It does not seem that the instrument itself was before the Court, as the case was heard upon the pleadings. When the case came here the second time it appeared that the bank had not affixed its seal, and the assignment was for that reason held to be insufficient as a deed which would pass the legal title. We were not called upon to construe the words of the assignment, having decided the other question as we did, and the writing, in its entirety, was not brought under review. None of the cases hold that when the language, by clear intendment, refers to the land, as embraced by the assignment, the land or legal title will not pass, without regard to the form of expression used, as the latter is not material, if by fair and reasonable construction it appears certainly what was meant.
The assignment in this case is informally drawn, but enough appears to show that in making it the parties intended it should pass the land. We must consider the entire instrument in order to determine what thing was intended to be conveyed. We may concede the proposition that a power of sale given to the mortgagee to sell the lands depends strictly upon the estate limited to him in the mortgage, as it is appendant, or appurtenant, and not a power in gross (31 Cyc., 1041), and also that a general covenant will be taken as restricted to the premises and estate purported and intended to be conveyed, and to protect which is its object, and cannot be construed so as to enlarge the estate granted (11 Cyc., 1059); but these rules of interpretation do not prevent us from ascertaining, from the language used, what the parties intended (303) to convey. It was said in Gudger v. White, 141 N.C. 507, citing Kea v. Robeson, 40 N.C. 373, and Rowland v. Rowland,93 N.C. 214: "We are required by the settled canon of construction so to interpret it as to ascertain and effectuate the intention of the parties. Their meaning, it is true, must be expressed in the instrument; but it is proper to seek for a rational purpose in the language and provisions of the deed and to construe it consistently with reason and common sense. If there is any doubt entertained as to the real intention, we should reject that interpretation which plainly leads to injustice, and adopt that one which conforms more to the presumed meaning, because it does not produce unusual and unjust results. All this is subject, however, to the inflexible rule that the intention must be gathered from the entire instrument, `after looking,' as the phrase is `at the four corners of it.'" This was approved in Bryan v. Eason,147 N.C. 284; Triplett v. Williams, 149 N.C. 394; Beacom v. Amos, *Page 373 161 N.C. 357. It is pertinently said in Triplett v. Williams, supra, at pp. 397, 398: "All parts of a deed should be given due force and effect. Words deliberately put in a deed and inserted there for a purpose are not to be lightly considered or arbitrarily thrust aside. To discover the intention of the parties is the main object of all construction. When the intention of the parties can be ascertained, nothing remains but to effectuate that intention. The inclination of many courts at the present day is to regard the whole instrument without reference to formal divisions. The deed is so construed, if possible, as to give effect to all its provisions, and thus effectuate the intention of the parties. When an instrument is informal, the interest transferred by it depends not so much upon the words and phrases it contains as upon the intention of the parties as indicated by the whole instrument," citing Elliott v.Jefferson, 133 N.C. 207; Salisbury v. Andrews, 19 Pick. (Mass.), 250;Walsh v. Hill, 38 Cal. 481; Mining Co. v. Becklenheimer, 102 Ind. 76;Doren v. Gillum, 136 Ind. 134; 1 Jones Real Property, sec. 568. By this wholesome rule it will, therefore, be seen we are permitted to ascertain not only what estate passes by the deed, but also the thing intended to be conveyed, whether the land itself or simply a mortgage of it. The general scope of the assignment indicates that the first parties, W. H. Davis and wife, intended to part with everything and to retain nothing in themselves. They expressly referred to the land as a part of the consideration and as "the premises therein conveyed" — that is, in the mortgage to them, where it was fully described, they use words of inheritance in connection with the thing conveyed, which ChiefJustice Smith thought important, as a factor in determining the meaning in Williams v. Teachey, supra, at p. 405, and the assignor's covenant "that they are seized of said premises in fee and have the rightto convey the same." Why say this, if the land itself had not (304) been conveyed? There are also covenants against encumbrances and of warranty in the assignment, and finally it is expressed in so many words that the grant shall carry full power and authority to sell the lands and apply the proceeds to the payment of the debts and the surplus to pay to D. G. Davis, none of which could be done if the land or an estate therein is not conveyed. The intention to convey the land is so manifest that it is impossible not to see it, unless we close our eyes to the terms of the deed. Because the assignment is inartificially drawn is no reason for disappointing the intention of the parties, if otherwise clearly and sufficiently expressed. We should not omit reference to the further fact that words appropriate to convey the land or an estate therein are also used, that is, "Said parties have bargained and sold and by these presents do bargain and sell to James M. McGee," which *Page 374 
immediately follows the words "the premises therein conveyed," which refer to the land described in the mortgage. While we will adhere to the principle stated in Williams v. Teachey, supra, and cases following it, the difference in a mortgage of land, as considered in this and in other States, is but a technical one, and we are not disposed to carry it beyond what the words of the instrument imperatively require. It is sufficient if the assignment was intended to operate upon the land, and not merely upon the mortgage itself as the security, which would be no more than is implied by an assignment of the debt itself. Hyman v. Devereux, supra; 1 Jones on Mortgages, sec. 805; Williams v. Teachey, supra, at p. 404.
There was error in the judgment of the court, and it is reversed. The fifth issue will be set aside and, upon the agreement of the parties, judgment will be entered in the court below for the plaintiffs, to the effect that they are the owners of the land and entitled to the possession thereof, with costs to the plaintiff.
Reversed.
Cited: Parrott v. Hardesty, 169 N.C. 669; Brewington v. Hargrove,178 N.C. 146; In re Sermon's Land, 182 N.C. 129; Bank v. Sauls,183 N.C. 167; Stevens v. Turlington, 186 N.C. 194; Trust Co. v. White,189 N.C. 283; Dunn v. Jones, 192 N.C. 252; Duplin County v. Harrell,195 N.C. 449.