W. M. TALLY v. WASH. REED and JOHN C. SOSSAMER.

Where A contracted in writing to convey a tract of land to B, who paid a part of the purchase money, entered upon the land and then conveyed his interest to C; and a judgment being obtained against A, the land was sold: *Held*, that the purchaser at such sale acquired no title, as the interest of A was not liable to execution.

No equity can be sold under the Act of 1812, unless the sale of such equity draws to it the legal estate. This cannot be, if other equities are attached to such legal estate.

(*Moore* v. *Byers*, 65 N. C. Rep. 240; *Sprinkle* v. *Martin*, 66 N. C. Rep. 55, cited and approved.)

CIVIL ACTION, tried by *Schenck, J.,* at Fall Term, 1874, CABARRUS Superior Court.

On the 15th day of October, A. D. 1859, John C. Sossamer was seized in fee of a tract of land lying in the county of Cabarrus. Sossamer contracted in writing to convey said tract of land to one Joseph Brown, for the sum of five hundred and fifty dollars, payable, by instalments, in five years. Under

TALLY *v.* REID and SOSSAMER.

this contract Brown paid a part of the purchase money, and took possession of the land.

In December, 1860, Brown conveyed his equitable interest in said land to the defendant, Reid, for a valuable consideration, and by a written instrument.

At May Term, 1870, of the Superior Court of Cabarrus county, a judgment was recovered against Sossamer on a money demand, and duly docketed, and on the 6th of June, 1870, an execution issued thereupon. On the 9th of September said land was sold under said execution, the plaintiff becoming the purchaser, taking the sheriff's deed therefor.

A portion of the purchase money due by Brown remained unpaid.

The defendant Reid was in possession of the land receiving the rents and profits.

Upon this state of facts, the plaintiff demanded a judgment that he be subrogated to the rights of the defendant Sossamer, under said executory contract, and that a sale of said land be ordered to pay the rents and the unpaid purchase money.

The defendant demurred to the complaint, assigning as ground of demurrer:

1. That the complaint does not state facts sufficient to constitute a cause of action, in that plaintiff by his alleged purchase acquired no estate in the land, as the same was not subject to execution as the property of John C. Sossamer.

2. That there is a defect in parties, in this, that John C. Sossamer is a necessary party, either as plaintiff or defendant.

The complaint was amended, by making Sossamer a party and the demurrer sustained.

From this judgment plaintiff appealed.

*Bailey, Vance* and *Dowd,* for appellant.
*Wilson & Son, Montgomery* and *R. Barringer,* contra.

READE, J.   Until we had a statute allowing it, no equity in

22

land was subject to execution sale. It follows that no equity is now subject, except such as is embraced in thestatute.

Section 4, Act of 1812, provides that where A holds land in trust for B, the interest of B may be sold under an execution against him. And the purchase of such equity shall draw to it the legal estate which was in A. So that the purchaser got the whole title, legal and equitable. And the trustee A had no more to do with it. It was just the same as if A, the trustee, had, by deed, passed the legal title to B, and then it had been sold under execution against B, which would of course have passed the whole title, the land itself. It also follows that if B's equity was such as that he had no right to call upon A for the legal title, as if A had to hold the legal title to perform some other trust, then B's equity could not be sold ; because the sale of B's right could not draw to it the legal estate out of A, which B himself had no right to call for. And so the sale could not pass both the legal and equitable estate, the land itself, to the purchaser, as the statute required. And so, it had to be held, that while a pure simple trust could be sold under execution, yet a mixed trust could not be. For if the purchaser of a mixed trust sued the trustee for the legal title, the land itself, the trustee could defend by saying, I am obliged to hold the legal title in order to perform another trust.

Section 5 of the same Act provides for the sale under execution of an equity of redemption ; and the same principles apply. A mortgages his land to pay $1,000. He has a pure and simple equity to call for the legal title upon paying the $1,000. All of which appears upon the mortgage deed. His equity may be sold, and the purchaser of his equity has the right to call for the legal title, upon paying $1,000.

But where the transaction had become complicated, part of the debt paid, and part not paid, or subject to set offs, or other equities, involving an account, the law had no machinery for taking the account, it was not an unmixed equity, and therefore not subject to sale at law, but the rights had to be adjusted in a Court of equity. No equity can be sold under the statute

unless the sale of the equity can draw to it the legal estate, which cannot be if the legal estate is hitched to some other equity : because then equal forces are pulling in opposite directions.    And it is not the policy of the law to sell uncertain interests, which would result in the sacrifice of property, and breed litigation.    Just as we find in this case, a tract of land which had been purchased by the defendant at five hundred dollars, was bid off by the plaintiff at execution sale at $60, because, as we suppose, no one knew what was sold.

It does not follow that an equity, other than those embraced in the statute, could not be subjected to the owner's debts. They may be subjected since the statute, just as they could have been subjected before, by a proceeding in equity.

What has probably misled the plaintiff is the principle that the legal title to land could undoubtedly be sold under execution, and the purchaser could recover the land in an action at law, and could be prevented only by injunction by a court of equity.    A court of law said, you may sell the land ; a court of equity said, although you have sold it, you shall not recover it against an equity.    And so although the sale was valid at law, yet because of the injunction, it amounted to nothing.

Under our new system we have not one court to say yes, and another to say no, about the same matter.    Both courts are now united in one, and speak the same word, yes or no. And when the court is asked for an order to sell the legal estate, we have to say we will not grant it, because there is an equity which forbids it, and we will not do a vain thing.

The numerous decisions under the old system may be found in 3 Bat. Dig. Title Execution, what may be sold under exetion.    And under our new system in Battle's Dig., same title. And see *Moore* v. *Byers*, 65 N. C. Rep., 240 ; *Sprinkle* v. *Martin*, 66 N. C. Rep., 55.    The remedy for the plaintiff was an action in the nature of a bill in equity against the defendants.    And with proper amendments, if allowed, this action might be treated as such.    In such action the plaintiff would have an equity as against Sossamer, of the value of what he

bid and paid for the land and of his debt. Sossamer has an equity as against Reid, to be paid the price or the balance of the price, at which he sold the land to Brown. And Reid has an equity to have the title made to him upon payment of the price. And if a sale be necessary, that can be ordered.

There is no error. The case will be remanded to the end, &c.

PER CURIAM.                 Judgment affirmed.