## W. M. TALLY *v.* WASH. REED and J. C. ᴺOSSAMER.

A. purchaser at a sheriff's sale, acquires only the naked legal title, and does not get the debt due to the defendant in the execution, or the trust by which it is secured. A sheriff has no power to sell the debt or the trust, although the defendant in the execution has such power.

A trust, in favor of a vendee of land who has paid the purchase money, may be sold under the Act of 1812; but a trust in favor of the vendor, cannot be sold.

(*Giles* v. *Palmer*, 4 Jones 586; *Moore* v. *Byers*, 65 N. C. Rep. 240; *Blackmer* v. *Phillips*, 67 N. C. Rep. 340, and *Stith* v. *Lookabill*, 71 N. C. Rep. 25, cited and approved.

The cases of *Lynch* v. *Gibson*, N. C. Term Rep. 244, and *Tomlinson* v. *Blackburn*, 2 Ired. Eq. 509, cited, commented upon and overruled.)

PETITION to re-hear the case as decided at January Term, 1875, of this court, and which will be found fully reported in 72 N. C. Rep., 336.

The ground upon which the present petition is based, is that the decision of the court rendered at January Term, 1875. conflicted with prior decisions of the court in cases where the same principles of law were involved. The cases referred to are mentioned and commented upon in the opinion of the court at this term.

*Bailey*, for the petitioner.
*Wilson & Son*, *Montgomery* and *Barringer*, contra.

PEARSON, C. J. When this case was before us, January Term, 1875, it was decided that Tally, a purchaser of the land at sheriff's sale under a *fi. fa.* against Sossamer, did not acquire a right to the unpaid part of the purchase money. In other words, when a vendor of land retains the title to secure payment of the purchase money, a sale of the land under a *fi. fa.* against the vendor passes to the purchaser at sheriff's

sale only the naked legal title, and does not vest in him the right to the purchase money.

This principle seemed to us so clear that we decided the case " upon the reason of the thing " and did not consider it necessary to go into an examination of the authorities. Justice READE, who delivered the opinion, refers to the authorities in a general way, and cites only *Moore* v. *Byers*, 65 N. C. Rep., 240, where it is held that if the land be sold under *fi. fa.* against the vendor, the purchaser does not acquire title to the sale notes, but get only the naked legal estate, and *Sprinkle* v. *Martin*, 66 N. C. Rep., 55, where it is held that a mixed trust is not liable to sale under a *fi. fa.* by the act of 1812.

In the petition to rehear, and upon the argument, Mr. Bailey calls our attention to two old cases which had not been before adverted to, to-wit: *Lynch* v. *Gibson*, N. C. Term Rep., 244, and *Tomlinson* v. *Blackburn*, 2 Ired. Eq., 509. These two cases bear upon the question and conflict with our decision; so there is sufficient ground to support the application to rehear.

We have given to the question a reconsideration, both upon the principle and upon the cases, and are satisfied there is no error in the decision.

1. *Upon principle.* Under a *fi. fa.* the sheriff sells the land of the defendant in the execution. The sheriff has no power to sell notes due to him or a trust estate to which he is entitled. To this an exception is made by the act of 1812, which authorizes a sale under *fi. fa.* of the trust estate of a vendee who has paid the purchase money in full, but this statute has no application to vendors who have a trust estate in the land to secure the purchase money.

For illustration: A conveys land to B, in trust, to sell and pay certain debts, among others a debt to B. A creditor of B has the land sold under a *fi. fa.* Upon a judgment against B, the purchaser, at sheriff's sale, gets the legal title by the sheriff's deed; but does he get the debt due to B, which is se-

cured by the deed of trust? No, for the debt was not sold, and the sheriff had no power to sell it. So upon proceedings in equity, the land will be sold, the debt of B will be paid to him, and not to the purchaser at sheriff's sale, and he will not be entitled to receive out of the fund the amount of his bid, for it was his folly to buy a naked legal title; and the residue after the payment of the debts secured by the deed of trust, will be paid to A, the maker of the deed, on his resulting trust.

Again: A lends money to B, and takes his note and a mortgage on land to secure the debt. A creditor of A has the land sold under a *fi. fa.* The purchaser, by the sheriff's deed gets the land, but does he get the debt secured by the mortgage? No, for the debt was not sold. The sheriff had no power to sell it, and the purchaser gets only the naked legal title. Upon proceedings in equity, B will get back the land, upon payment of the mortgage money, which will be decreed to A, and the purchaser at sheriff's sale gets nothing—not even the amount of his bid. It was his folly to buy a naked legal title.

Again: A sells land to B on credit, say one, two and three years, takes his notes, retains the title, and gives bond to make title when the purchase money is paid. A holds the land in trust for himself, to secure the payment of the three notes, and then in trust to convey to B.

Suppose after B pays up the three notes, but before A has conveyed the land to him, a creditor of A, has the land sold under a *fi. fa.* and the sheriff makes a deed to the purchaser, what passes by the deed? Only a naked legal title; and B can in equity compel the purchaser to convey without paying him the amount of his bid, or allowing him any compensation for his trouble, in buying a naked legal title. Note, in this case under the Act of 1812, a creditor of B could have the trust sold by *fi. fa.* and the purchaser of the trust gets the legal title by parliamentary magic, as Blackstone terms it. We

30

are satisfied that much of the confusion that has crept into the case is attributable to the fact that the distinction—a trust in favor of a vendee who has paid the purchase money, may be sold under this Act of 1812, but a trust in favor of the vendor cannot be sold—has not been allowed its full significance.

Suppose after B pays one of his notes, a creditor of A has the land sold under *fi fa.*, what passes by the sheriff's deed ? a naked legal title, which in the adjustment of the equity will be considered *as nothing* ; so the decree is for title to the vendee, on payment of the two notes, to be made to A and not to the purchaser at sheriff's sale.

Suppose before B makes any payment, the land is sold as above—the result is the same. The purchaser gets only the naked legal title, and the vendee on payment of the purchase money, not to the purchaser, but to the *vendor*, is entitled in equity to a conveyance of the land.

These five instances illustrate the principle that a purchaser at sheriff's sale acquires only the naked legal title, and does not get the debt due to the defendant in the execution or the trust by which it is secured—it all rests on the ground that the sheriff has no power to sell the debt or the trust.

Here note a diversity; *the defendant in the execution has power to sell the debt, and the trust, whereas the sheriff has no such power*. A want of attention to *this diversity* explains the confusion in the cases.

For illustration—in the first instance stated above, the trustee has power to convey the land and also his debt ; if the purchaser has notice, the other *cestui que trust* may compel him, in equity, to give up the land ; but he is allowed in the adjustment of equties to retain the debt due to the trustee, on the assumption of the express assignment of the debt, or an assignment implied, in order to prevent fraud, as some compensation for the loss of the land. If the purchaser bought without notice, he keeps the land and the other *cestui*

*que trust* are left to their remedy against the trustee for the breach of trust.

In the instance of the mortgage, if the mortgagee sells the land, the mortgagor has an equity to follow the land, as his equity of redemption is in the nature of a condition annexed to the land; but to prevent fraud the mortgagee is taken to have assigned to the purchaser the debt secured by the mortgage, hence he is entitled to the money on the redemption of the mortgage. In the case of a vendor, after the payment of all the purchase money, if the vendor sells the purchaser gets the legal title, if he buys with notice he has to give up the land to the vendee—if without notice, he keeps the land and the vendee must look to his vendor, and charge it to his own folly to have allowed the legal title to remain in the the hands and under the control of the vendor.

If the vendor sells after payment of one of the notes, the purchaser without notice keeps the land, and the vendee must look to the vendor on the bond for title, but a purchaser with notice must give up the land to the vendee, and has a right to receive the money upon the other notes, on the ground that the vendor, had power to assign the notes and will be taken to have done so in order to prevent fraud, and in part compensation for the loss of the land.

The like result follows in a case where the vendor holds all of the notes, one to whom he conveys the land either keeps the land or else if the land is taken from him, in the adjustment of equities, is entitled to the money due on the notes, because the vendor had power to assign the notes and to prevent fraud, is taken to do so when he conveyed the land. *Obiter* when the land is sold under *fi. fa.* for the sheriff had no power to assign the notes, hence the purchaser gets only a naked legal title, and the right to the notes, and to receive, the money due thereon, remains in the defendant in the execution. For farther illustration in the case first supposed.

1. The trustee dies; the land devolves upon his heirs, but

the debt upon his personal representative, and in the adjustment of equities, the heir is decreed to make title and gets nothing.

2. The mortgagee dies; the land devolves upon his heirs the debt upon his personal representative who, on redemption, receives the mortgage money and the heir makes title to the mortgagor.    (This is one of the reasons why in England mortgages are usually made upon long terms of years; on the death of the mortgagee, the term passes to the personal representative and the person to receive the money is the same person who is to re-convey.)    See this matter fully discussed by Hargrave in his notes to Coke.

3. The vendor dies; the land devolves upon his heir, but the vendor can compel him to make title.

4. The land devolves upon the heir, but the right to the debt passes to the personal representative, he receives the unpaid purchase money and the heir will be decreed to make title to the vendee; so when neither of these notes are paid at the death of the vendor.

These illustrations, in our opinion, establish the position that the debt is not an "*incident*" of the land, but on the contrary, that the land is, in equity, considered as servient and attendant on the debt, and as a security thereto.  It follows; one who at sheriffs' sale, or by descent, acquires title to the land, gets legal title to the land, but does not get the debt, the payment of which is secured by the land, and takes the title, subject to all equities.    On the contrary, one who is entitled to the debt, has a right to subject the land as security in the hands of any one who is not a purchaser for valuable consideration without notice.    Suppose in the instances above; the bankruptcy not the death of the party; the assignee takes the debt, and the land servient to the debt, by force of the act of Congress, in as full a manner as if the bankrupt had assigned the debt and conveyed the land, so there is no analogy between the assignee and a purchaser of the land at sheriffs'

sale. There is an analogy after *the debt* is subjected under " supplemental proceedings."

Our conclusion on the reason of the thing is, there is no error in the judgment.

2. Upon the authorities there is confusion and a conflict which may be accounted for in what is said above.

*Lynch* v. *Gibson*, N. C. Term Rep. 244, was decided without argument, and Judge DANIEL, who delivers the opinion, gives no reason and cites no authority but declares the opinion that the effect of the deed of the sheriff was to pass to the purchaser " all right, title and interest in the land which the vendor had," and thereupon decrees title to be made to the vendee on payment by him, to the purchaser at sheriff's sale of the unpaid part of the price of the land, giving to the deed of the sheriff the same effect to pass the debt due to the defendant in the execution as the deed of the defendant would have had ;" and not adverting to the fact that the sheriff had no power to sell the debt due for the land. *Tomlinson* v. *Blackburn*, 2 Ired. 509, without discussion of the principle, rests on *Lynch* v. *Gibson*, and is complicated by the fact that the vendor executes a deed to the purchaser at sheriff's sale. This of course, passed his right to the unpaid part of the purchase money. The opinion goes on to say, " in addition to this, which we deem the substance of the bill, there are statements of conversations between the plaintiff and the defendants jointly and severally and conferences, &c.

The decision in *Lynch* v. *Gibson*, was without argument, Judge DANIEL does not discuss the question, or give any reason for his conclusion; and *Tomlinson* v. *Blackburn*, follows in the same tract, no discussion or reason for a conclusion, which, as we have seen has no ground to support it.

In regard to authority, *per contra* as the merchants say, *Davis* v. *Palmer*, 4 Jones 586 ; *Moore* v. *Byers*, 65 N. C. Rep. 240 ; *Blackmer* v. *Phillips*, 67 N. C. Rep. 340 ; where the question is discussed at large. *Stith* v. *Lookabell*, 71 N.

C. Rep. 25 ; in that case it is assumed to be settled that a purchaser of land at sheriff's sale under an execution against a trustee, acquires merely the legal title, and may be enjoined by the *cestui que trust* from taking possession. The decision is in favor of the plaintiff on the ground that the defendant being a *wrong doer* not at all connected with the *cestui que trusts* could not defend against one having the legal title, although it be a naked one. To this we will add the only case on the point that we have been able to find outside of our reports. *Money* v. *Dorsey*, 7 Smiles and Marshall Rep. (Miss. 15,) in which the principle set out above is declared to be law.

There is no error.

PER CURIAM.    Judgment re-affirmed, and petition dismissed.