STEPHEN W. ISLER v. ELLEN KOONCE and others.

*Judicial Sale—Right of Purchaser to Possession of Land.*

1. A purchaser of land, at a judicial sale made in execution of a deed of trust and under decree in a cause properly constituted in court in which all who had any legal estate in the land were parties, is entitled to recover possession of the land from the heirs-at-law of the grantor although they were not parties to the action in which the decree of sale was made.

2. In such case the right of the heirs to require a resale and an appropriation of the proceeds in excess of the sum paid to the objects of the trust, interposes no obstacle in the way of the purchaser obtaining possession of the land.

(*Moore* v. *Byers*, 65 N. C., 240; *Tally* v. *Reid*, 72 N. C., 336 and 74 N. C., 463; *Blackmer* v. *Phillips*, 67 N. C., 340; *Stith* v. *Lookabill*, 71 N. C., 25; *Fuller* v. *Wadsworth*, 2 Ire., 263; *Cunningham* v. *Davis*, 7 Ire. Eq., 5; *Butner* v. *Chaffin*, Phil., 497; *Jones* v. *Boyd*, 80 N. C., 258, cited, commented on and approved.)

CIVIL ACTION to recover Land tried at Spring Term, 1879, of JONES Superior Court, before *Seymour, J.*

The facts constituting the basis of the decision of this

court are set out in its opinion. Judgment for defendants, appeal by plaintiff.

No counsel in this court for plaintiff.

*Messrs. Green & Stevenson, A. G. Hubbard* and *W. H. Bailey,* for defendants.

SMITH, C. J. The land in dispute formerly belonged to one J. C. B. Koonce, who, in the month of August, 1857, conveyed it to W. A. Cox and F. S. Smith in trust to secure certain debts therein recited due to them and others. After the making the deed, Koonce and Smith each died intestate, and Calvin Koonce, one of the secured creditors, on the 23rd day of November, 1870, instituted proceedings against Cox, the survivor, and the administrator and heirs at law of the deceased trustee, for a foreclosure and sale of the premises. Under a decree therein rendered, the land was sold and by order of the court title made to the plaintiff. The defendants in this action are the widow and some of the heirs at law of J. C. B. Koonce, who are in possession, some of whom were parties to the foreclosure suit. Upon these facts the court decided that as the heirs of J. C. B. Koonce to whom his equity of redemption descended, were not parties to the suit, no estate passed to the plaintiff under the commissioner's deed, and he could not recover. It is not necessary to consider the other rulings alleged to be erroneous.

In making the decision the court was probably guided by what is said by READE, J., delivering the opinion in *Moore* v. *Byers,* 65 N. C., 240, and *Tally* v. *Reid,* 72 N. C., 336. In the first, this language is used: "When land is sold, title retained, bonds for title when money paid, part paid and part unpaid, neither the interest of the vendor or vendee can be levied on and sold." And in the latter, the following: "A court of law said you may sell the land. A court

of equity said although you have sold it, you shall not re-
cover it against an equity. And so although the sale was
valid at law, yet because of the injunction, it amounted to
nothing." * * * "And when the court is asked for an
order to sell the real estate, we have to say, we will not grant
it, because there is an equity which forbids it, and we will
not do a vain thing." These cases properly understood do
not warrant the conclusion of the court.

In *Moore* v. *Byers*, the testator, James W. Osborne, had
contracted to sell a tract of land to J. L. Parks, and died
before all the purchase money was paid. Two creditors,
having a joint debt, recovered judgment against the testator
in his lifetime and sued out execution. They claimed pri-
ority of payment out of the assets of the testator by virtue
of a lien on the land. The action was brought by the ex-
ecutor to obtain the advice of the court as to his adminis-
tration, and it was in answer to an enquiry as to the pri-
ority of the judgment that the expressions quoted were used.
The court held and so advised that there was no lien on the
unpaid purchase money, and the lien on the land was dis-
placed by the precedent and higher equity of the vendee to
have the land when he had paid for it.

In *Tally* v. *Reid*, the facts were not dissimilar. The plain-
tiff at execution sale bought the estate of the vendor in land
contracted to be sold and claimed the residue of the money
due. His action was to have the land sold and the money
raised thereby paid over to him. The court denied the ap-
-plication for the reason that the sheriff's deed did not, and
could not convey the money due for the land, following the
former decision.

The equitable estate mentioned in the opinion, and so an-
nexed to the land that the owner can only enjoy the benefits
by retaining possession, of which the trustee will not be al-
lowed to deprive him, is not an equity of redemption, nor
governed by the same rules. Land conveyed to secure debts

is held by the trustee for the creditors first, and next for the owner of the equity of redemption, and the very purpose of the deed is to divest the estate of the debtor, and place it beyond his control, where it can be made available for the debts. In such cases, as well as when the vendor retains title as a security for the purchase money, it has been repeatedly held that the estate of the trustee may be sold under process of law, but the purchaser acquires thereby no right to the money secured. *Blackmer* v. *Phillips*, 67 N. C., 340; *Stith* v. *Lookabill*, 71 N. C., 25; *Tally* v. *Reid*, 74 N. C., 463.

In *Stith* v. *Lookabill*, it was decided that a sale under a *venditioni exponas* of land held by the defendant as trustee and levied on in an attachment, passed the legal estate to the purchaser. So in *Tally* v. *Reid*, it is held that the vendor's retained legal estate, where part of the purchase money remained unpaid, was liable to execution. Illustrating the effect of such sale upon the legal title and the debt secured thereby, PEARSON, C. J., says: "A conveys land to B in trust to sell and pay certain debts, among others, a debt to B. A creditor of B has the land sold under a *fi. fa.* upon a judgment against B. The purchaser at the sheriff's sale *gets the legal title* by the sheriff's deed. But does he get the debt due to B which is secured by the deed in trust? No, for the debt was not sold and the sheriff had no power to sell it. Again, A lends money to B and takes his note and a mortgage on land to secure the debt. A creditor of A has the land sold under a *fi. fa.* The purchaser, by the sheriff's deed, *gets the land*, but does he get the debt secured by the mortgage? No, for the debt was not sold."

These authorities show that the estate vested in a trustee for the benefit of creditors is liable to execution, and by a sale is transferred to the purchaser. It is well established that the trustee (and we see no reason why the same right does not extend to one who succeeds to his estate) may after

default, if not before, recover possession of the land conveyed, in an action against the maker of the deed, or any one claiming title under him. We refer to some of the cases where this is decided. *Fuller* v. *Wadsworth*, 2 Ire., 263; *Cunningham* v. *Davis*, 7 Ire. Eq., 5; *Butner* v. *Chaffin*, Phil., 497; *Jones* v. *Boyd*, 80 N. C., 258.

But the plaintiff's title is under a *judicial sale*, ordered in a cause properly constituted in the court. and in which all who had any legal estate in the land are parties, and the effect must be to transfer that estate to the purchaser. This is all that is necessary to the plaintiff's recovering possession, which with damages for withholding it is alone demanded in the complaint. . The failure to make the heirs of the grantor parties to the foreclosure suit and thus conclude them, may give them a right to require a resale and an appropriation of the proceeds in excess of the sum paid by the plaintiff to the objects of the trust, but it interposes no obstacle in the way of his obtaining possession of the land. There is error. The judgment is reversed and a new trial granted.

Error. *Venire de novo.*