In *Rollins* v. *Henry*, from Buncombe:

SMITH, C. J. The petition to rehear directs attention to an omission on the part of the court, in the opinion delivered, (84 N. C., 569,) to notice and dispose of an exception

thus stated in the record : The court further charged the jury that the judgment in *Gudger, Ex'r,* v. *W. L. Rollins,* execution thereon, the sheriff's sale under it, and his deed to the plaintiffs, passed the legal title to the plaintiffs. Defendant excepted.

It is insisted that this direction is erroneous and entitles the defendant to a new trial. The argument is that inasmuch as the deed under which the defendant acquired title conveys the land charged with a liability for the notes given in part of the consideration, and creates a lien for their security, the land was not subject to sale under execution for their payment, and no estate passed by virtue of the sheriff's deed, in analogy to the ruling in *Camp* v. *Coxe,* 1 Dev. & Bat., 52. We do not concur in this view. That case is decided upon a construction of the act of 1812 which authorizes a sale under execution of the debtor's equity of redemption, and legal right of redemption in lands, and it is held not to extend to a sale for the mortgage debt itself, but to have been intended for the benefit of other creditors, including perhaps other debts not secured in the mortgage, due the mortgagee. The decision rests upon a consideration of the insurmountable embarrassments to be met in putting a literal interpretation on the words of the act, pointed out in the opinion, and the inherent absurdity of selling an estate subject to incumbrance and in that condition, and whose value is determined by adding the sum bid to that secured, and at the same time extinguishing in whole or in part the incumbering debt itself. In other words, while an encumbered estate, as such, is sold, the purchaser gets an unincumbered estate, which he did not buy.

The facts of the present case place it wholly outside of scope of the rule announced in *Camp* v. *Coxe,* and other subsequent affirming cases, and of the reasoning by which it is supported.

Here, no equity of redemption or trust estate residing in the debtor has been sold, but his legal estate in the land, so that by its conversion into money the debt may be paid and the lien discharged. What obstacle exists in the way of such sale and appropriation? And why may not this be done by process of law? Its operation is in effect an enforcement of the lien by the satisfaction of the debt with which it is connected.

It is difficult to understand upon what ground the creditor can be deprived of his remedy against the property of his debtor, because a lien has been created for the security of the debt. Every judgment recovered and docketed for the space of ten years is a lien upon the lands of the debtor, and in the absence of personal property, must be enforced and made effectual by execution, and can be in no other way. In the partition of land among tenants in common, the charge upon the more valuable shares in favor of those of inferior value, for equality in the division, is enforced by process directing a sale. We see no sufficient reason for denying to the creditor the remedy which he has pursued, in appropriating the land of the debtor to the satisfaction of his debt, merely because of a coëxisting lien. Indeed it would seem that this property should be first thus applied, and at least he has the right to subject it to his judgment.

But if there were any technical impediments to the mode of procedure adopted, and the lien remained unimpaired by the sale, the legal title would pass; and such was the ruling of the court to which the defendant objects, and the ruling is sustained by authority. *Tally* v. *Reed*, 74 N. C., 463; *Isler* v. *Koonce*, 81 N. C., 378, where the subject is considered. While the point was not noticed before, it was directly presented in argument, and not overlooked in reaching the conclusion at which we arrived in disposing of the case on appeal, but on reëxamination we find no cause for disturbing the judgment and it must be affirmed.

No error.                                    Affirmed.