W. L. DAMERON v. SAMUEL T. ESKRIDGE et al.

*Specific Performance—Mortgagee—Assignee—Powers of Sale— Equitable Assignment—Conveyance of Real Estate—Estoppel.*

1. The assignee of a mortgagee cannot, in his own name, sell lands of mortgagor and convey title to the purchaser, unless the assignment itself was sufficient in form to operate upon and convey the interest in the land.

2. An assignment in these words, "For value received, I assign and transfer this mortgage to S.," did not convey an *estate* in the land.

3. Specific performance by the equitable assignee of a mortgagee will not generally be decreed.

4. There is no equity to compel the execution of powers not conveyed. Equitable assignments ought not to carry with them the powers of sale.

5. Mortgagors—especially married women—are not estopped by the fact that they were present at the sale made under such circumstances.

This was a CIVIL ACTION, tried at September Term, 1889, of CLEVELAND Superior Court, before *Boykin, J.*

By consent of the parties, a trial by jury was waived, and the Court found the following facts, to-wit:

"On the 21st day of December, 1880, the defendants S. T. Eskridge and wife Mary executed and delivered to their co-defendant, W. H. Eskridge, to secure the sum of $125, borrowed money, a mortgage deed, with power of sale, conveying in fee-simple the land described in the complaint. Some time prior to the month of October, 1886, the said W. H. Eskridge transferred and assigned, in writing, duly endorsed on the mortgage, for value received, the mortgage and the note it was intended to secure to the defendant G. H. Simmons."

The following is a copy of the assignment:

"For value received, I sign and transfer this mortgage to G. H. Simmons, July 28th, 1885.

"W. H. ESKRIDGE."

"On the 16th of September, 1886, said debt remained due and unpaid. Said G. H. Simmons advertised for sale the land conveyed in the mortgage according to the terms therein contained, and, on the 18th of October, 1886, the lands were sold in accordance with the advertisement, when plaintiff became the last and highest bidder. Immediately thereafter, the plaintiff offered to comply with the terms of the sale, and demanded a deed for the land from Simmons, tendering him the amount of his bill at the time, but Simmons refused to deliver said deed as demanded. Plaintiff

was ready to comply with the terms of the sale. The defendants S. T. Eskridge and wife were in possession of the lands. The defendants were present at the sale. The annual value of the real estate was $75."

Whereupon, the Court, being of opinion that the said assignment did not empower and authorize G. H. Simmons to advertise and sell the land, and does not empower him to make title thereto, adjudged that the plaintiff was not entitled to the relief demanded in the complaint, and that the defendants recover such costs as have been expended by them.

Plaintiff appealed.

*Mr. R. McBrayer*, for plaintiff.

*Messrs. M. H. Justice* and *Gidney & Webb* (by brief), for defendants.

SHEPHERD, J.: S. T. Eskridge and wife executed a mortgage upon certain land to W. H. Eskridge, with power to said mortgagee, or his assigns, to sell upon default. The mortgagee made the following endorsement on the mortgage:

"For value received, I sign (assign) and transfer this mortgage to G. H. Simmons, July 28th, 1885.
              (Signed)        "W. H. ESKRIDGE."

Simmons advertised and sold the land to the plaintiff for the sum of three hundred dollars. The plaintiff alleges that he has tendered the purchase money and demanded a deed from said Simmons and the mortgagee, and that he has also demanded the possession of the mortgagor and wife. He prays for the possession of the land, and that the mortgagee and Simmons, the assignee, be compelled to execute title.

1. It is very plain that the plaintiff has not acquired the legal title, as the assignment to Simmons was not under seal and did not purport to convey an *estate* in the land. This is decided in *Williams* v. *Teachey*, 85 N. C., 402. It was suggested on the argument that the record in that case disclosed that the mortgagee alone was authorized to sell. The decision was not based upon that ground, but assumes that the power was to be exercised by the mortgagee or his assigns. The Court held that the assignment of a mortgage, in terms which do not profess to act upon the land, does not pass the mortgagee's estate, but only the security it affords to the holder of the debt. "It is the mortgage deed," says the Court, "the written conveyance, and the security it affords to the holder of the debt, that is undertaken to be transferred—not the land, nor any estate in it vested in the mortgagee." This authority is decisive against the plaintiff as to the legal title.

2. It is next insisted by the plaintiff, that Simmons being the equitable assignee, the Court should compel him and the mortgagee to specifically perform the contract of sale. No authority for this position is cited and we are sure that none can be found in our reports. We feel at liberty therefore, to consider the policy of decreeing specific performance in such cases.

We are of the opinion that the exercise of a power of sale in a mortgage should be watched with great jealousy, and that Courts of Equity, as well as of law, should require its terms to be strictly pursued. Where this is done the Courts may, in proper cases, decree specific performance, but never in a case like the present, where the Court is called upon to establish, as well as to assist, in the execution of a power against a mortgagor who prays that he may be permitted to redeem.

Again, we think that to lend the equitable aid of the Court in cases like this would tend to produce confusion and uncer-

tainty without any corresponding benefit. It is always in the power of the assignee, if he wishes to execute the power, to take an assignment by deed of the legal estate. and if he fails to do so, neither he nor his purchaser (who loses nothing but a bargain) should be heard to complain.

Another objection is, that several notes may be assigned to different persons, each of whom may attempt to execute the power, and thus much trouble and litigation will be invited. There is no equity in favor of such a purchaser, who has paid nothing, and who has not been actually misled by the conduct of the parties. The records are open to his inspection, and he can readily inform himself as to the validity of the power under which the sale is made. Whatever may be the rulings in some of the States, where the mortgage is regarded strictly as a pledge, they can have no application here, where the distinction between the equitable and the legal estate is still maintained. *Williams* v. *Teachy, supra*.

Nor is the plaintiff's case strengthened by the fact that the defendants were present and made no objection to the sale. It is not alleged that the plaintiff was induced to purchase by reason of their silence, or that he purchased in ignorance of any of the facts, nor would this passive silence, in any event, have estopped the *feme* defendant. *Clayton* v. *Rose*, 87 N. C., 106. Neither can it be urged that Simmons was acting as the agent of the mortgagee, who, by his silence, ratified his acts. The record discloses that the assignee did not profess to sell in the name of the mortgagee. This is manifest from his notice of sale, in which he offers to sell *as assignee* alone. The plaintiff has purchased with a knowledge of the facts, and therefore takes the risk as to the validity of the sale. He can lose nothing but a bargain, and is met at the very threshold of the Court by the equity of the mortgagor, who wishes to redeem.

We think that the Court very properly dismissed the action.

Affirmed.