L. HUSSEY et al. v. FRIDAY HILL and wife.

*Action to Foreclose Mortgage—Mortgages—Assignment of Note and Mortgage—Power of Sale—Estoppel.*

1. The assignment of a note with mortgage securing it, does not carry with it the power of sale contained in the mortgage.

2. A sale of mortgaged lands by an assignee of a note and mortgage, under a power of sale in the mortgage, and a subsequent sale of the land by the purchaser at the sale under the power, amount merely to an equitable assignment of the note and mortgage.

3. An equitable assignment of a note and mortgage security to the *mortgagor* discharges the mortgage.

4. Where the holder of a note secured by a first mortgage on land purchased a second mortgage thereon and then sold the first note and mortgage, he is not estopped to enforce the second mortgage, both mortgages being recorded and nothing being said to the assignee calculated to deceive him.

PETITION to rehear the case between the same parties, reported in 119 N. C., 318. The petition was as follows:

"The defendants, Friday Hill and wife, Lizzie Hill, respectfully petition the court to grant them a rehearing of the above-entitled action, which was heard during the Fall Term, 1896, of said court, upon the grounds and errors following, to-wit:

"1. That your Honors refused to grant a new trial for an error apparent in the record, to-wit: The said action was tried in the Superior Court of Duplin county before a jury, and issues tendered by the defendants, which were refused, and exception by the defendants, and issues were submitted to the jury and found by them; notwithstanding this, the case on appeal does not state there was any jury trial, and in this, and other matters, contradicts the record, all of which matters seem to have been overlooked by your Honors, wherein there is error.

"2. In holding that none of the questions argued are presented by the record; for that the facts are found by

the trial court, and assignments of error sufficiently definite are presented for the court to pass upon; and holding otherwise, there is error in the opinion.

*Davenport* v. *Leary*, 95 N. C., 203.

"3. The facts found, in substance, are: L. Hussey, the plaintiff, holding a first mortgage, and at the same time a second mortgage by an equitable assignment, now sought to be foreclosed in this action, sells to a stranger, W. L. Hill, for value, the said first mortgage by an equitable assignment. Said Hill advertises, under the power contained in the mortgage, and sells publicly; and a *bona fide* purchaser, for value, buys at said sale; a deed recited the power under which [sale] was had, conveying a fee, which said purchaser takes the open and notorious possession of the land, rents it out, receives the rents and profits for one year, then himself sells to Friday Hill, for value, making deed in fee, with full covenants of warranty. The propositions arising upon these facts are: First, is L. Hussey estopped to set up his second mortgage by reason of his equitable assignment to W. L. Hill, and Hill's subsequent sale, etc., and deed to a *bona fide* purchaser, under whom Friday Hill claims? Second, does Friday Hill hold the fee simple title by reason of the fact that he stands in the shoes of J. S. Wilson, an innocent purchaser for value? Third, if Hussey is not estopped by reason of his assignment and subsequent sales, etc., thereunder, etc., has Friday Hill, by reason of the fact that he stands in Wilson's shoes, acquired the title and interest which are conveyed to Wilson and his grantor under Hussey's equitable assignment? In holding that these questions do not arise in this controversy, and ought not to be decided in this action, there is error, and the highest authorities in the land have been overlooked.

"4. In holding that the preceding questions can only arise between the purchaser under the foreclosure proceedings in this action and the defendants, there is error, because the defendants would be estopped by the judgment—certainly, if the plaintiff Hussey, or either of them, should purchase; because all the defences of defendants have been set up in this action, and it seems to us Friday Hill, defendant, would be estopped by the judgment to set up title outstanding against their purchaser under said judgment.

"5. That the judgment rendered in the Superior Court is properly secured.

"6. That John A. Gavin, commissioner appointed by the decree herein, has advertised the lands described in the complaint for sale at the Court House door in Kenansville, on the 17th of February, 1897."

Wherefore your petitioners pray—

"1. That a rehearing be granted them for the errors specified and assigned.

"2. For an order restraining said commissioner from selling the said lands until the rehearing of the cause in the Supreme Court.

"3. For such other and further relief as to the court may seem just and equitable."

*Messrs. H. L. Stevens* and *Jones & Boykin,* for petitioners.

*Messrs. Allen & Dortch* and *Simmons & Ward, contra.*

FURCHES, J.: In 1883 the defendant, Hill, executed his note and mortgage to the plaintiff, Hussey, and in 1884 he executed a note and second mortgage on the same land to the plaintiff, Stanford. After this, and while the plaintiff, Hussey, was the holder and owner of the first note and

HUSSEY *v.* HILL.

mortgage, the plaintiff, Stanford, sold and assigned his note and mortgage to the plaintiff, Hussey. That after the plaintiff, Hussey, had become the assignee of the Stanford note and mortgage, he sold and assigned the note and mortgage given to him in 1883, to one W. L. Hill. That said Hill, the assignee of the plaintiff, Hussey, under the power of sale contained in the mortgage which he supposed authorized him to do so, sold the mortgaged land to the highest bidder, having first advertised the same for the length of time prescribed in the mortgage, when one J. S. Wilson became the purchaser—paid the purchase money and took a deed from said Hill. That after Wilson's occupying the land for about one year, he sold the same to the defendant, Friday Hill, the mortgagor, and made him a deed in fee with warranty.

This presents the case on appeal, and when it was before us at the last term of this court we were of the opinion that the question of defendant's title, derived from Wilson, was not presented, and the case went off on a question of pleadings, in which this question was not considered.

But since the opinion in this case was filed, the opinion of the court in *Wagon Co. v. Byrd*, 119 N. C., 460, has been filed, and although the opinion in *Wagon Co. v. Byrd* does not in express terms overrule the opinion filed in this case at the last term, it reverses the principle upon which this case was decided, and, in effect, does overrule the opinion in this case. And for this reason the rehearing was granted the defendant, and we come now to consider the case on its merits.

The first ground assigned in the petition is not tenable and is not true in fact. The 2nd, 3rd and 4th assignments appear to be substantially the same, and state the grounds upon which the rehearing was granted. But it is not necessary to consider these assignments specifically, as the

merits of the case were not passed upon in the former opinion, and we treat the case *de novo*.

The note to the plaintiff, Hussey, was the evidence of the debt from defendant to him, and the mortgage was security for its payment. It was the same as to the note and mortgage from defendant, Hill, to the plaintiff, Stanford.

A mortgagee is the legal owner of the property which he holds in trust for the payment of the debt, and then for the mortgagor. *Parker* v. *Beasley*, 116 N. C., 1; *Machine Co.* v. *Boggan*, at this term. And the power of sale contained in the mortgage authorized Hussey to foreclose by sale and to convey the legal and equitable title to the purchaser.

But when he sold the note to W. L. Hill and assigned the note and mortgage to him, the latter only became the equitable owner—the naked legal estate still remaining in the plaintiff, Hussey.

This assignment to W. L. Hill did not carry with it the power of sale, and he only having the equitable estate in the land could not convey the legal estate. 2 Jones on Mortgages, Sec. 1992; *Williams* v. *Teachey*, 85 N. C., 402; *Dameron* v. *Eskridge*, 104 N. C., 621; *Strauss* v. *B. & L. Assv.*, 117 N. C., 308; *Atkins* v. *Crumpler*, 118 N. C., 532.

This being so, the sale of W. L. Hill to Wilson and the sale of Wilson to the defendant, Friday Hill, were only equitable assignments of the note and mortgage from the defendant, Friday Hill, to the plaintiff, Hussey.

This equitable assignment would have authorized W. I. Hill cr J. S. Wilson to have compelled a foreclosure and sale through an order of court and a commissioner.

But this is not the case with the defendant, Friday Hill. He has no equity. When he purchased the note, or the equitable interest in the note—his own note—it was not an

assignment to him, but a satisfaction. He could not ask a court of equity to sell *his land* to pay *his debt*. Upon Friday Hill becoming the owner, the equitable owner of the note, it was in law discharged, and this left the land subject to the second mortgage.

It was contended that, as Hussey became the assignee of the second mortgage before he sold the first note and mortgage to W. L. Hill, he was estopped to enforce the Stanford (second) mortgage. But we have re-examined this question and can see no elements of estoppel in it. In the first place, both mortgages were on record, and it is not alleged that Hussey said anything to Hill calculated to deceive him. If Hussey had sold Hill the second mortgage, without saying anything to him about the first mortgage, there might have been some ground for complaint. But how there can be, when he sold the first mortgage which was a prior lien to the Stanford mortgage, we cannot see. The Stanford mortgage did not stand in the way of the Hussey mortgage, and the assignee got all he could have gotten, whether Hussey or Stanford was the owner of the second mortgage.

The question as to whether the warranty of the defendant, Friday Hill, in the Stanford mortgage estopped him from asserting title to the land under the Wilson deed, was learnedly discussed by the defendant's counsel. But it will be seen, from what we have said, that this question has no bearing on the decision of the case.

The usual practice is to dismiss the petition to rehear where the judgment in the former opinion is not reversed. But as the former opinion was not put upon the merits of the case, we will not discuss the petition in this case, but affirm the judgment of the court below.

Affirmed.