F. T. ATKINS v. J. M. CRUMPLER et al.

*Mortgage—Power of Sale—Compliance With Power—Trial.*

(For Syllabus see report of same case in 118th N. C. Reports, 532.)

PETITION by plaintiff for a rehearing of case between same parties reported in 118 N. C., 532.

*Messrs. Allen & Dortch* and *H. E. Faison*, for petitioner.

*Mr. J. D. Kerr, contra.*

FURCHES, J.: This is a petition to rehear, and to have the opinion of the court at Spring Term, 1896 (118 N. C., 532), reviewed.

The first assignment of error in the petition is that the court stated that the plaintiff, according to his contention, bought the land mentioned in the pleadings at a sale made by T. J. Lee, under the powers of sale contained in a mortgage to T. M. Lee, after the death of the said T. M. Lee, which petitioner says, "Upon the contrary, it appears is not true." In reply to this assignment of error we quote the first paragraph of the plaintiff's replication to the defendant's answer:

"The plaintiff, replying to the matters of fact set out in the answer, alleges: 1. That in 1870 these defendants made a mortgage deed of their interest in the land described in the complaint to one T. M. Lee, who died, and his executor, A. M. Lee, sold the same to satisfy the balance due on said debt, so secured as aforesaid, and plaintiff became the purchaser and took deed."

This paragraph of the plaintiff's replication would seem to be a sufficient answer to the first assignment of error in the petition. But there is one error in the opinion of the

court, as published. It speaks of this mortgage as only passing seven-tenths of the estate of Irwin Owen, if it had been properly foreclosed; whereas it should have been *four*-tenths, as it was written in the opinion of the court, but by in advertence was published seven-tenths.

The second assignment of error in the petition to rehear is based on an alleged erroneous statement of a fact appearing in the record; that the court, in the opinion heretofore rendered (118 N. C., 532), states that the deed from A. F. Johnson to W. L. Faison did not appear in the transcript of record. We find that this allegation of the petition is not true in fact, as the published opinion of the court will show. The court does say that the alleged deed from Faison to the plaintiff does not appear in the transcript of record, and this statement of the court is true. But, according to the principles governing this case, it is not material as to whether the deed of assignment from Johnson to Faison was in the transcript or not. It is given the same consideration in the former opinion of this court that we are compelled to give it now— that it did not authorize Faison, the assignee of Johnson, to foreclose the mortgage of defendants to the Clinton Loan Association; and if the plaintiff was the purchaser at such sale, it only had the effect of making him the equitable mortagee instead of Johnson. *Dameron* v. *Eskridge*, 104 N. C., 621.

The plaintiff admits that after he bought at the Lee mortgage sale he sold to four of the defendants and took their note for $640 at 12½ per cent. interest, and gave them a bond to make them a good and indefeasible title to the whole tract, with full covenants, upon the payment of the $640 note. The defendants deny his power to do this, and it is our opinion, from the statement of the facts in the case before us, that he could not.

But this sale of plaintiffs to defendants and bond for title created the relation of mortgagor and mortgagee. *Ellis*

v. *Hussey*, 66 N. C., 501; *Allen* v. *Taylor*, 96 N. C., 37.

But this relation, once existing between the parties, continued to exist until this note was paid and the deed made, or until, by mutual consent and agreement, it was abandoned and the papers surrendered or cancelled. *Faw* v. *Whittington*, 72 N. C., 321; *Hall* v. *Lewis*, 118 N. C., 509. And it not being shown that this relation has ever terminated, the defendants, who were parties to this first contract, would have the right to insist on its completion.

The third assignment of error is as follows: ''The court says that, at the time of the transaction above referred to, the plaintiff was a member of the Clinton Loan Association.'' This assignment is not a correct statement of what the court said, as the opinion will show. A. M. Lee testified that he was a member of the Clinton Loan Association "and did not know when Atkins became a member of the Association." And the only reference to this matter, in the opinion of the court, is the following: "The Clinton Loan Association was a partnership and not a corporation, and plaintiff was a member of the partnership."

The fourth assignment is that the court stated in the opinion that the $640 note was the original indebtedness for the land. And then the petition proceeds to deny the truth of this statement. In answer to this assignment, we will quote the second paragraph of plaintiff's replication, as follows: ''That he admits making a bond for title to certain of the defendants, and taking their note for $640 in 1882.'' This, it would seem, is a sufficient answer to the fourth assignment of error.

The fifth assignment of error is, that the opinion of the court states that the payments endorsed on the note, made to Johnson, cashier, were received by the plaintiff. The counsel for plaintiff admitted that this appeared to be so, but in fact it was not; that this error occurred from the

fact that the plaintiff endorsed the note and the credits were entered above his name. If this is so, as the plaintiff alleges, he will be able to show the truth of the matter on another trial.

The counsel for plaintiff admitted on the argument that if there had been any evidence showing a connection between the $640 note and the "acknowledgment" of indebtedness sued on and bearing date February 1, 1889, the note for $640 would have been competent evidence, and the opinion of the court would be correct. To our mind, this connection abundantly appears in this "acknowledgment." It was not in the usual form of transactions between parties, where the sale of property and the security taken are contemporaneous. It was the "acknowledgment" of an indebtedness. It does not say 'the plaintiff has sold the land and this is the price or consideration.' And the only reference it has to the land is the following: "And we do further agree to surrender and give up the possession of the Irwin Owens land, on account of which this indebtedness *is* due, on the first day of January, 1890, unless the sum of $640 *is paid* before that day, to-wit, January 1, 1890." Why should the plaintiff require payment of $640, the exact sum of the original note, given to him on the 31st of January, 1882 (which bore 12½ per cent. interest), if there was no connection between the transactions?

The plaintiff stands in such relation to the defendants as to make it necessary that he should explain these transactions, and show that they are free from fraud and usury. *Dameron* v. *Eskridge*, 104 N. C., 621; *Hall* v. *Lewis*, *supra.* The petition to rehear is dismissed.

Dismissed.