WILLIAMS v. BROWN.

(October 16, 1900.)

1. *Injunction—Foreclosure of Mortgage.*

>   A mortgagee may not be restrained by injunction from threatening to foreclose a mortgage.

2. *Injunction—Assignment—Mortgages.*

>   Mortgagee may not be restrained from foreclosing a mortgage because he refused to assign the mortgage to a friend of mortgagor.

3. *Mortgages—Assignment.*

>   The assignee of a mortgage may sell though the assignment is not registered.

APPLICATION FOR INJUNCTION by M. M. Williams against H. A. Brown and others, heard by Judge *H. R. Starbuck,* at Spring Term, 1900, of CRAVEN Superior Court. From refusal to grant injunction, the plaintiff appealed.

*W. D. McIver,* for plaintiff.
No counsel *contra.*

FURCHES, J.   This is an action in which the plaintiff asks to have the defendant enjoined from foreclosing a mortgage to secure a debt of $78, and to restrain the defendant from threatening to enjoin him from selling timber off the mortgaged land.   The plaintiff alleges two grounds upon which he puts his right to this injunction.   The first is that the defendant is the assignee of the mortgage, but the assignment has not been registered; and the other is that defendant threatents to stop him from selling timber off the mortgaged premises unless he will pay both the mortgaged

debt and also a docketed judgment which defendant holds
on plaintiff; that he is unable to pay either unless the defend-
ant will let him sell timber off the mortgaged land; that, if the
defendant will let him do this, he can sell the growing tim-
ber on said land for $80, and pay off the mortgage debt; that
he has proposed to the defendant that if he will assign the
mortgage debt to a friend of his, and agree not to interfere
with his selling the timber off said land, said friend will
pay him the amount of the mortgage debt, but the defendant
refuses to do this. The amount of the docketed judgment is
not stated, and it was admitted on the hearing by the plain-
tiff on the trial below, and so appears on the transcript of
record, that the assignment of said mortgage to defendant was
in writing, and conveyed the legal title to the defendant. It
is also stated that plaintiff's land was not worth more than
$1,000, and he claimed a homestead thereon. Upon this
state of facts we are unable to see the plaintiff's right to the
injunction prayed for. Of course, the plaintiff has the right
to pay the defendant the mortgage debt, and thereby discharge
the mortgage lien on the land. This he does not offer to
do, but asks the Court to enjoin the defendant from foreclos-
ing his mortgage because he will not agree to assign it to a
friend of the plaintiff. This the Court can not do. The
plaintiff's other ground is equally untenable. The Court
can not enjoin the defendant from talking; nor from threat-
ening to enjoin the plaintiff. This would be to enjoin the
defendant from enjoining the plaintiff, and we think this
would be carrying the injunction business a little too far.
The attention of the Court was called to the case of *Jones v.
Britton,* 102 N. C., 166. The facts in the case before us do
not make it necessary to review that case; but it will be ob-
served that *Jones v. Britton* was by a divided Court, there
being two dissenting opinions filed, while Judge Shepherd

filed a concurring opinion, which must be given the weight
of the opinion of the Court, as he held the balance of power;
Chief Justice *Smith* agreeing with Justice *Merrimon,* who
wrote the leading opinion, and Justices *Avery* and *Davis* dis-
senting from the opinion of Justice*Merrimon,* concurred in
by Chief Justice *Smith.*    Therefore that case could not be
considered as authority further than.the rule laid down in the
concurring opinion of Justice *Shepherd.*   We feel justified
in saying this much, as that case was cited on the argument,
but we do not think we would be justified in saying more
than this in considering this appeal.

The judgment is affirmed.