WALTER F. MORTON et al. v. BLADES LUMBER COMPANY.

(Filed 26 February, 1907).

1. **Administrator—Debt of Intestate—Assignment to Administra-tor.**—An administrator of the maker of a note carrying mortgage security may buy the debt and security with his personal funds and have them assigned to himself.

2. **Subrogation.**—An administrator who has purchased with his own funds a note and mortgage made by his intestate, may avail himself of the security, and collect from the estate the amount he has paid therefor with interest, being subrogated to the rights of the creditor.

3. **Unregistered Deed or Assignment Between Parties.**—An unregistered deed of conveyance of lands is good between the parties and their heirs, in the absence of intervening rights of creditors or purchasers. The same principle applies to an unregistered assignment of a mortgage.

4. **Nonsuit and Appeal.**—When the Judge below intimates the opinion that the plaintiff cannot maintain his action upon the allegations of his complaint, if taken as true, he may assign the ruling as error, and appeal.

5. **Deed of Administrator—Fraud on Heirs—Equity Will Set Aside—Purchaser With Notice.**—Equity will set aside a conveyance of lands made under the power of sale in a mortgage, procured through collusion with an administrator in fraud of the rights of the heirs at law of his intestate, in the absence of intervening rights of creditors or purchasers.

CIVIL ACTION, heard before *Shaw, J.,* and a jury, November Term, 1906, Superior Court CRAVEN County.

Plaintiffs, heirs at law of M. F. Morton, prosecute this action for the purpose of vacating and setting aside a sale of lands which descended from their ancestor, and redeeming same, etc. The complaint sets forth: 1. That their father owned the land in controversy. 2. That he conveyed it by way of mortgage to the Farmers and Merchants Bank for the purpose of securing the payment of a note of $175.

3. That thereafter he died intestate.    4. That John A. Morton was duly appointed and qualified as administrator of said estate.    These averments are admitted by the answer.    Plaintiffs further alleged: "6. That afterwards, to-wit, on 25 June, 1901, the defendant W. B. Blades and others, trading as Blades Lumber Company, procured to be assigned to the defendant J. A. Morton the note to secure which the mortgage above referred to  *  *  *  was made for the sum of one hundred and sixty dollars." This allegation was denied.    "7. That plaintiffs are informed and believe that the said Farmers and Merchants Bank never assigned to the said J. A. Morton the said mortgage deed and the lands conveyed thereby, in this  *  *  *  that no such assignment is recorded, and they are informed and believe that no such assignment was made." To this allegation defendants answered: "That while defendant is informed and believes that the assignment referred to in allegation seven is not recorded as alleged, and the allegation that the same is not recorded is not denied; that the rest of said allegation is denied on information and belief." Plaintiffs further alleged that the said J. A. Morton, "attempting to foreclose said mortgage, executed to W. B. Blades a deed purporting to convey said land for the sum of $350." That said Blades procured the sale by said J. A. Morton for the purpose of enabling him to buy the same to the injury of the plaintiffs.    That said land is now worth seven thousand dollars, and was, at the time of the sale, November, 1901, worth a sum largely in excess of the amount bid therefor.    That said Blades conveyed said land to defendant corporation, which took title with notice of all of the facts set forth.    These allegations are denied.    Plaintiffs moved for judgment upon the pleadings.    Motion denied.    Plaintiffs, upon the intimation of his Honor that they were not

entitled to recover, submitted to a judgment of nonsuit and appealed.

*W. D. McIver* for plaintiffs.
*W. W. Clark* and *Moore & Dunn* for defendant.

CONNOR, J.    Plaintiffs' counsel, in his brief, says that the exceptions raise two questions of law:   "1. Can the administrator buy up the outstanding mortgage on his intestate's land and then exercise the power of sale therein to foreclose the heirs of his intestate? 2. Can the assignee of a mortgage on land exercise the power of foreclosure without first registering the assignment?"

If the expression, "buy up the mortgage," be understood as simply taking an "assignment of the mortgage," as distinguished from taking a conveyance of the land with the transfer of the power of sale conferred upon the mortgagee, it is settled by numerous and uniform decisions of this Court that he cannot do so.   *Williams v. Teachey,* 85 N. C., 402; *Dameron v. Eskridge,* 104 N. C., 621; *Hussey v. Hill,* 120 N. C., 312.

The language of the seventh paragraph of the complaint is not very clear.   From the statement in the case on appeal and the argument here, it seems that the real contention of the plaintiff is that if such assignment was made, it was not valid without registration.    The answer, while not very clear in this respect, may reasonably be construed as denying that no assignment was made and admitting that none was registered.   We do not understand the plaintiffs to contend that the assignment of the note by the bank to J. A. Morton, the administrator, operated as an extinguishment of the debt and security, leaving the administrator a simple contract creditor of his intestate.    We can perceive no good reason why the administrator may not, with his own funds,

purchase and take an assignment of a note outstanding
against his intestate and avail himself of any securities held
by the creditor. *Williams v. Williams,* 17 N. C., 69 (22
Am. Dec., 729). In *Turner v. Shuffler,* 108 N. C., 643, it
is said: "In such case the administrator is entitled to be
subrogated to the rights of the creditor whose debt he paid
with his own funds." 18 Cyc., 570. Of course, upon
familiar principles, he would be entitled to collect from the
estate of his intestate only the amount paid out by him, with
interest; he would not be permitted to speculate upon or
make profit by buying in the debts of his intestate. 18 Cyc.,
572. It is equally manifest that he will not be permitted
to use any advantage in the way of securities or otherwise,
which he has thus acquired, to the injury of the other credi-
tors, or the distributees or heirs. His relation to the estate
will subject his transactions to the same elementary prin-
ciples which apply to other trustees or fiduciaries.

In the present state of the pleadings we are not sufficiently
informed in respect to the character of the assignment, if
any, executed by the bank to Morton, to enable us to hold
that plaintiffs were entitled to judgment upon their motion,
or demurrer *ore tenus* to the answer. It appears from the
statement of his Honor in the case on appeal that plaintiffs
relied in support of their motion upon the fact that the
assignment of the mortgage was not registered. We concur
with his Honor that, as between the parties and their heirs,
it was not required to be registered. Treating it as a deed
of conveyance, carrying the legal title, we know of no statute
or decision requiring its registration when the rights of no
creditors or purchasers intervene.

This controversy is between the assignee of the mortgagee
and the heirs of the mortgagor. In *Williams v. Brown,* 127
N. C., 51, the same objection was made to the validity of an

assignment. The Court does not seem to have deemed it of serious import. In the condition of the pleadings, his Honor correctly refused plaintiffs' motion for judgment.

The records states and the judgment recites that his Honor intimating that plaintiffs could not recover upon the allegations in the complaint, they submitted to judgment of nonsuit and appealed. Defendants move in this Court to dismiss the appeal for that, having voluntarily taken judgment of nonsuit, they cannot except and appeal. For this position they rely upon *Merrick v. Bedford,* 141 N. C., 504. The practice which has always prevailed in respect to the right of a plaintiff upon an adverse ruling to submit to a nonsuit and appeal is clearly pointed out in the opinion of *Mr. Justice Brown,* citing a number of cases. This case comes within the rule which permits the practice pursued by plaintiffs. "When on the trial the Court intimates the opinion that the plaintiff cannot maintain his action, he may, in deference to the opinion of the Court, submit to a judgment of nonsuit, assign ground of error, and appeal to this Court." It would be a waste of time to proceed with the trial in the face of an expression of opinion by the Court, that if every fact alleged in the complaint be proven, the plaintiff cannot recover and must at the end of the trial go out of court. Such was the plaintiffs' position. The motion to dismiss the appeal cannot be granted.

This leaves the single inquiry open, whether, upon the facts alleged in the complaint, if established, plaintiffs were entitled to any relief. Assuming that the mortgage was assigned in terms which vested the power of sale in J. A. Morton, and that, pursuant thereto, he sold the land and conveyed to Blades; and assuming further, that plaintiffs prove, as alleged, that Blades procured this to be done "with intent and for the purpose of gaining the same to the loss of

the plaintiffs," and that "said sale was collusive and not fair"; that the land was worth "a sum largely in excess of the price bid"; have the plaintiffs no equity to call upon the Court for relief? It is alleged that all of the plaintiffs, except Walter F. Morton, are infants. We cannot think that if the plaintiffs establish these allegations they are without remedy in a court of equity. If Blades wished to purchase the land at a foreclosure sale and, for that purpose, entered into an agreement with the administrator, whose duty it was to protect the estate, to procure an assignment of the note and mortgage and sell the land at much less than its true value, it would at least behoove the defendant company, taking "with full notice of all the facts," as alleged, to show that there was absolute fairness in the transaction. It will be observed that the complaint alleges that on 25 June, 1901, the administrator paid only $160 for the note and on 11 November, 1901, sold the land for $350. The administrator files no answer. The plaintiffs were entitled to proceed to try the issues raised by the pleadings. The judgment of nonsuit must be set aside, to the end that the parties may take such further action as they may be advised. It is so ordered.

Reversed.