### W. F. MORTON ET AL. v. BLADES LUMBER COMPANY.

(Filed 2 March, 1910.)

**1. Nonsuit—Evidence, How Construed.**

Upon a motion to nonsuit upon the evidence, the plaintiff's evidence must be construed in a light most favorable for him, and every fact, and essential ingredient in the cause of action, which it tends to prove, must be taken as established.

**2. Deeds of Administrator—Fraud on Heirs—Equity.**

The evidence fairly tending to establish the allegations of the complaint, held in this case, reported in 144 N. C., 31. to be sufficient to set aside a conveyance of land procured through collusion with an administrator in fraud of the rights of the heirs at law of the intestate, *it was error* in the lower court to sustain defendant's motion for nonsuit upon the evidence; and the mere statement of the administrator that he had no fraudulent intent would not be decisive.

APPEAL by plaintiffs, from *O. H. Allen, J.,* at November Term, 1909, of CRAVEN.

At the conclusion of the evidence of plaintiff, the defendants moved for judgment of nonsuit. His Honor sustained the motion, and plaintiffs appealed to this Court.

In the report of this case on a former appeal, 144 N. C., 31, there will be found a statement of this controversy as presented by the pleadings, and it will not be here repeated, for the record indicates no change in the pleadings.

*W. D. McIver* for plaintiff.
*W. W. Clark* and *Moore & Dunn* for defendant.

MANNING, J. This case being presented to us upon the ruling of his Honor, upon plaintiff's evidence, allowing the motion of the defendants, under the statute, to nonsuit the plaintiffs, it has been held uniformly by this Court that "where a motion to dismiss an action is made, under the statute, the evidence must be construed in the view most favorable to the plaintiff, and every fact which it tends to prove, and which is an essential ingredient of the cause of action, must be taken as established, as the jury, if the case had been submitted to them, might have found the facts from the testimony." *Cotton v. R. R.,* 149 N. C., 227; *Brittain v. Westhall,* 135 N. C., 492; *Freeman v. Brown,* 151 N. C., 111.

The principles of law controlling the decision of this case are declared in the opinion of this Court upon the former appeal, 144 N. C., 31.

We think the evidence fairly establishes those facts held by this Court in that opinion to entitle the plaintiffs to relief in a court of equity. Concisely stated, the evidence offered at the trial established the following facts: That the note owed by the intestate was purchased by the administrator at the request of the defendant Blades and with his money; that the foreclosure sale was made by his request also; that Blades' attorney prepared the advertisement and deed conveying the mortgaged property to the purchaser, Blades; that at the time of the sale the mortgaged property was worth more than $5,000—it brought $350; that the defendant Morton acted in the dual capacity of administrator—"subject to the elementary principles which apply to other trustees or fiduciaries"—and as the agent of Blades, doing as Blades requested him. It did not appear in evidence that the Farmers and Merchants Bank, the mortgagee, had made a conveyance of the mortgaged land with a transfer of the power of sale to J. A. Morton, or to any other person or corporation; it did not execute the deed to the purchaser, Blades; Mr. Stevenson, the attorney who transferred the note for the Neuse River Lumber Company, the then holder, to J. A. Mor-

ton, testified that there was no such conveyance, to his knowledge. Nor did it appear that there existed any necessity for J. A. Morton, occupying to the estate of which he was administrator the relation of trustee or fiduciary, to sell the land to reimburse Blades for the money he had advanced for the purchase, through the administrator, of the note. · No evidence ·was offered showing that the administrator had exhausted the personal estate of his intestate. The mere statement of J. A. Morton that he had no fraudulent intent would not be decisive of the right of the plaintiffs, in view of the facts above stated.

Under the well-settled doctrine of this Court, declared in *Williams v. Teachey,* 85 N. C., 402; *Dameron v. Eskridge,* 104 N. C., 621; *Hussey v. Hill,* 120 N. C., 312, and approved in this case on the former appeal, 144 N. C., 31, the deed made by the assignee of the note did not pass the title to the land, and the plaintiffs were entitled to an instruction from his Honor to the jury, that the deed made by such assignee was ineffective to pass the title to the land. That being true, the relation of mortgagor and mortgagee still subsisted, and the plaintiffs were entitled to a reasonable time to redeem and to an accounting for the rents and profits received from the land.

There appears in the record a paper-writing purporting to be a conveyance of the mortgaged property, but we do not feel at liberty to pass upon its sufficiency, for the reason that it is stated in the record that it was not offered in evidence by either party, nor was its execution proved or admitted. This instrument, however, does not appear to have been executed under a seal, as none appears attached to it, nor does it purport to have any seal.

There was error in sustaining the motion to nonsuit, and there must be a

New trial.